JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Chao "Wendy" Wang, (CSB No. 289325)
wwang@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Telephone: (650) 838-4315
Facsimile: (650) 838-4350

Attorneys for Defendant
AviaGames Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| BIG RUN STUDIOS INC. and SKILLZ PLATFORM INC., <br><br> Plaintiffs, <br><br> v. <br><br> AVIAGAMES INC., <br><br> Defendant. | Case No: 5:21-cv-04656-EJD <br><br> **DEFENDANT AVIAGAMES INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND SEVER PLAINTIFFS' CLAIMS** <br><br> Date: January 20, 2022 <br> Time: 9:00 AM <br> Courtroom: 4, 5th Floor <br><br> Complaint Filed: June 16, 2021 |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTS ......................................................................................................... 1

    A. AviaGames' Business ........................................................................................... 1

    B. Background of This Dispute ................................................................................. 1

        i. Skillz' Claims ............................................................................................ 1

        i. Big Run's Claims ...................................................................................... 3

    C. Plaintiffs' Distinct Copyright Claims in the Complaint ....................................... 3

III. THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES UNDER THE COPYRIGHT ACT ................. 4

    A. Big Run's Claims for Statutory Damages and Attorneys' Fees Must Be Dismissed With Prejudice .................................................................................... 5

    B. Skillz' Claims for Statutory Damages or Attorneys' Fees Should Also Be Dismissed With Prejudice .................................................................................... 6

IV. THE COURT SHOULD SEVER PLAINTIFFS' MISJOINED CLAIMS ....................... 7

    A. Plaintiffs' Claims Do Not Arise Out of the Same Transactions or Occurrences .......................................................................................................... 8

    B. Plaintiffs' Claims Do Not Share any Questions of Law or Fact ........................ 10

    C. Severance of Plaintiffs' Claims is Fundamentally Fair and Will Avoid Prejudice to AviaGames ..................................................................................... 11

V. CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Blackman v. Teespring, Inc.*,
　　No. 19-cv-01494-RS, 2019 U.S. Dist. LEXIS 116478 (N.D. Cal. July 11, 2019) ......... 11

*Bojorquez v. Abercrombie & Fitch, Co.*,
　　193 F. Supp. 3d 1117 (C.D. Cal. 2016) ........................................................................ 10

*Calm Ventures LLC v. Newsom*,
　　No. CV 20-11501-JFW(PVCx), 2021 U.S. Dist. LEXIS 31587 (C.D. Cal. Feb. 18, 2021) ................................................................................................................................ 9

*Coleman v. Quaker Oats Co.*,
　　232 F.3d 1271 (9th Cir. 2000) ........................................................................................ 12

*Corley v. Google*,
　　316 F.R.D. 277 (N.D. Cal. 2016) .................................................................................... 8

*Coughlin v. Rogers*,
　　130 F.3d 1348 (9th Cir. 1997) .......................................................................... 8, 10, 11

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
　　528 F.3d 696 (9th Cir. 2008) ....................................................................................... 4, 6

*Grijalva v. Mason*,
　　No. 8:18-cv-02010-JLS-DFM, 2019 U.S. Dist. LEXIS 229070 (C.D. Cal. Dec. 30, 2019) .............................................................................................................................. 12

*Jordan-Benel v. Universal City Studios, Inc.*,
　　No. CV-14-5577-MWF (MRWx), 2015 U.S. Dist. LEXIS 82220 (C.D. Cal. June 24, 2015) .............................................................................................................................. 4

*Khoja v. Orexigen Therapeutics, Inc.*,
　　899 F.3d 988 (9th Cir. 2018) ........................................................................................... 5

*New Name, Inc. v. The Walt Disney Co.*,
　　No. 07 Civ. 5034, 2008 U.S. Dist. LEXIS 107203 (C.D. Cal. July 23, 2008) ................ 6

*Smith v. Weeknd*,
　　No. CV 19-2507 PA (MRWx), 2019 U.S. Dist. LEXIS 221922 (C.D. Cal. Aug. 23, 2019) ................................................................................................................................ 4

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
　　No. 16CV724-LTS, 2016 U.S. Dist. LEXIS 101119 (S.D.N.Y. Aug. 2, 2016) ............... 6

*Visendi v. Bank of Am.*,
　　733 F.3d 863 (9th Cir. 2013) ..................................................................... 8, 9, 10, 11

*Vivo Per Lei, Inc. v. Bruchim*,
　　No. CV 12-61-GW(JCGx), 2012 U.S. Dist. LEXIS 199367 (C.D. Cal. Apr. 23, 2012) ................................................................................................................................ 4

**STATUTES**

17 U.S.C. § 412 ........................................................................................................................... 4, 6

**RULES**

Fed. R. Civ. P. 20 ........................................................................................................................ 7, 10

Fed. R. Civ. P. 21 ............................................................................................................................ 7

Fed. R. Evid. 201 ............................................................................................................................. 5

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on January 20, 2022, at 9:00 AM or as soon as counsel may be heard in the courtroom of the Honorable Edward J. Davila, Courtroom 4 on the 5th floor of the United States District Courthouse located at 280 South 1st Street, San Jose, CA 95113, Defendant AviaGames Inc. moves the Court for an Order severing Plaintiffs' claims for improper joinder under Fed. R. Civ. P. R. 20 and 21 and dismissing Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act under Fed. R. Civ. P. 12(b)(6).  This Motion is based on the Notice of Motion and Motion, the Memorandum of Points and Authorities and the Request for Judicial Notice it contains and related exhibits, the Declaration of Ciara McHale ("McHale Declaration" or "McHale Decl.") and attached exhibits, the Court's files in this action, the arguments of counsel, and any other matter that the Court may properly consider.

AviaGames respectfully requests that the Court grant AviaGames' request for judicial notice and issue an order (1) dismissing with prejudice Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act for failure to state any claim upon which relief may be granted and (2) severing Plaintiffs' claims for misjoinder under Fed. R. Civ. P. 20 and 21.

**ISSUES TO BE DECIDED**

1. Whether the Copyright Act bars Plaintiffs' claims for statutory damages and attorneys' fees because they each registered their asserted works after AviaGames' alleged infringement began.

2. Whether Plaintiffs' claims are misjoined under Fed. R. Civ. P. 20(a) and 21 because they do not arise from the same occurrences or transactions and lack any common questions of fact or law.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This copyright infringement case is Plaintiff Skillz Platform Inc.'s most recent attempt to crush startup AviaGames in court rather than compete with it in the market.  Like its other efforts, the Complaint, filed jointly with Plaintiff Big Run Studios Inc., overreaches.

First, Big Run and Skillz cannot state a claim for statutory damages and attorneys' fees under the Copyright Act because their copyright registrations in the relevant works issued long after AviaGames' alleged infringement began.

Second, Big Run and Skillz have no basis for filing their claims jointly because they are directed to alleged infringement of separate works by separate AviaGames products at different times.  The claims do not arise from the same transaction or occurrence and do not have common questions of fact or law.  Thus, they do not meet either requirement for permissive joinder.

The Court should dismiss Big Run's and Skillz' claims for statutory damages and attorneys' fees with prejudice and sever Skillz' claims from this case.

## II.    RELEVANT FACTS

### A.    AviaGames' Business

AviaGames is a casual mobile games startup headquartered in Mountain View, California. *See* Compl. ¶ 16.  AviaGames is the developer and publisher of *Pocket7Games*, a casual gaming platform. *Id.* ¶ 68.  Launched in 2019, the *Pocket7Games* platform hosts a variety of AviaGames' fun and engaging games all in one place, where players can compete against each other for real money or other prizes.  *See id.* ¶¶ 75, 79.  One of the games on the *Pocket7Games* platform is *Bingo Clash*, AviaGames' take on the popular classic, Bingo, which it launched in August 2020. *See id.* ¶ 70.  AviaGames' mobile games, including *Bingo Clash*, are also available on the Apple App Store.  *Id.* ¶ 73.

### B.    Background of This Dispute

#### i.    Skillz' Claims

This dispute started with Skillz accusing AviaGames of copyright infringement back in 2019.  Skillz is a publicly-traded mobile games company behind the Skillz mobile eSports

platform. Compl. ¶¶ 2, 36. Through the Skillz platform, players can access and play against each other in games published by third-party developers. *Id.* ¶ 2. These third-party game developers use Skillz' software development kit ("SDK") to enable their games to function on the Skillz platform. *Id.* ¶ 6. Skillz alleges that in 2016, AviaGames met with Skillz and later developed a game available through the Skillz Platform. *Id.* ¶¶ 66–67.

Skillz claims it first learned of AviaGames' alleged infringement in July 2019. *Id.* ¶ 79. On September 27, 2019, Skillz sent AviaGames (addressed to New Code, Inc.) a cease-and-desist letter through its counsel, Derek Eletich, alleging that *Pocket7Games* infringed Skillz' copyrights in the Skillz platform. McHale Decl. Ex. 3.[1] AviaGames promptly responded, denying any infringement. *Id.* Ex. 4. Skillz then submitted a request to Apple to remove *Pocket7Games* from the App Store. *Id.* Ex. 5. Throughout October and November 2019, AviaGames continued to deny infringement and invited discussion with Skillz. *See id.* Exs. 5–7. Skillz ignored AviaGames' offers and went silent for almost a year, leaving AviaGames to believe the dispute was resolved. *Id.* ¶ 10, Ex. 7 at p. 3.

In late 2020, Skillz resurfaced, claiming after nearly a year that it considered the dispute unresolved and again demanding that Apple remove *Pocket7Games* from the App Store. *See id.* Then, Skillz also retained new counsel, Quinn Emmanuel Urquhart & Sullivan, counsel of record in this case. *Id.* Exs. 7, 8. After further communications between the parties and Apple in November 2020, Skillz again went silent. *See id.* From January to April 2021, over a year and a half after AviaGames' alleged infringement began, Skillz registered twenty copyrights for various versions of its SDK, its Frequently Asked Questions (FAQ) text, and two advertisements relating to the Skillz Platform. McHale ¶¶ 4–5, Ex. 2.

Then, on April 4, 2021, Skillz sued AviaGames in this district, asserting infringement of its patents, not copyrights. *See Skillz Platform Inc. v. AviaGames Inc.*, Case No. 5:21-cv-02436-BLF. Skillz claimed for the first time that AviaGames' *Pocket7Games* infringes Skillz' patents

---

[1] AviaGames submits Exhibits 3–9 to the McHale Declaration as evidence in support of only its motion to sever Big Run's and Skillz' Claims.

NOTICE OF MOTION AND MOTION TO DISMISS
AND SEVER PLAINTIFFS' CLAIMS             - 2 -             CASE NO. 5:21-cv-04656-EJD

for technology underlying the Skillz Platform. *See id.* But Skillz' patents are directed to ineligible subject matter—namely, generic computing and network elements to carry out concepts like randomized number generation and participation restriction based on location. *See id.* Dkts. 25, 37. Accordingly, on May 28, 2021, AviaGames moved to dismiss Skillz' patent claims because the asserted patents are invalid under 35 U.S.C. § 101. *Id.* Dkt. 25. That motion is currently pending.

With its patent case in jeopardy, Skillz fired the next shot—re-raising its stale copyright claims by suing AviaGames in this case on June 16, 2021. Dkt. 1.[2] Skillz filed the Complaint jointly with Plaintiff Big Run Studios Inc.

### i. Big Run's Claims

Big Run first accused AviaGames of copyright infringement in September 2020, when it alleges it first became aware of the supposed infringement. Compl. ¶ 80. Big Run alleges that, on September 28, 2020, it sent AviaGames a cease-and-desist letter. *Id.* Big Run alleges AviaGames' *Bingo Clash* infringes its copyrights in its Bingo-based game, *Blackout Bingo*, which it offers on the Apple App Store. *Id.* ¶ 3. On October 20, 2020, Big Run's counsel, Nolan Heiman LLP, submitted a DMCA complaint to Apple regarding *Bingo Clash*. McHale Ex. 9.

In the Complaint, Big Run references five registrations for *Blackout Bingo*. Each of them issued long after AviaGames' alleged infringement began and roughly a week before Plaintiffs filed their Complaint. *See* McHale Ex. 1.

**C.  Plaintiffs' Distinct Copyright Claims in the Complaint**

While the Complaint alleges that Big Run's *Blackout Bingo* game is available through the Skillz Platform, it does not otherwise identify any connection between Skillz' and Big Run's claims. *See* Compl. ¶¶ 55–56. Plaintiffs assert separate copyrights in separate works. Their infringement claims relate to separate AviaGames products: the "Infringing Platform,"

---

[2] On July 6, 2021, Skillz filed an administrative motion in the patent litigation to relate that case to this case. Case No. 5:21-cv-02436-BLF, Dkt. 34. AviaGames opposed the motion. *Id.* Dkt. 38. On July 13, Judge Freeman denied the motion to relate the cases. *Id.* Dkt. 39.

*Pocket7Games,* and the "Infringing Game," *Bingo Clash*. *Id.* ¶¶ 3, 7. And Plaintiffs allege discrete acts of infringement that began at separate times, over a year apart. *Id.* ¶¶ 79–80. Each Plaintiff responded with separate demand letters, sent at different times, and by different counsel. *See id.*; McHale Exs. 3–9.

Without any common thread between their claims against AviaGames, Plaintiffs filed the Complaint jointly on June 16, 2021. Dkt. 1. Big Run and Skillz both assert claims for statutory damages and attorneys' fees even though they are precluded from recovering either, as AviaGames' alleged infringement began before Plaintiffs' registrations issued.

### III. THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES UNDER THE COPYRIGHT ACT

It is well settled that the Copyright Act forecloses the "award of statutory damages or of attorney's fees" for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. The Ninth Circuit has held that this limitation applies even if a second or continuing infringement occurs after registration, if the original infringement began before registration. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699-700 (9th Cir. 2008) (holding that § 412 bars an award of statutory damages for post-registration infringements when the initial act of infringement occurred prior to the effective copyright registration date). Courts routinely grant motions to dismiss claims for statutory damages and attorneys' fees when the registration of a work occurred after infringement began. *See id.* (plaintiff not entitled to statutory damages or attorneys' fees where infringement began before registration); *Jordan-Benel v. Universal City Studios, Inc.*, No. CV-14-5577-MWF (MRWx), 2015 U.S. Dist. LEXIS 82220, at *34 (C.D. Cal. June 24, 2015) (construing motion to strike statutory damages as 12(b)(6) motion to dismiss and granting motion without leave to amend); *Vivo Per Lei, Inc. v. Bruchim*, No. CV 12-61-GW(JCGx), 2012 U.S. Dist. LEXIS 199367, at *6 (C.D. Cal. Apr. 23, 2012) (dismissing/striking claim for statutory damages and attorney's fees with prejudice); *Smith v. Weeknd*, No. CV 19-2507 PA (MRWx), 2019 U.S. Dist. LEXIS 221922, at *21 (C.D. Cal. Aug. 23, 2019) (same).

### A. Big Run's Claims for Statutory Damages and Attorneys' Fees Must Be Dismissed With Prejudice

According to its Complaint, AviaGames launched the allegedly infringing *Bingo Clash* in August 2020, and Big Run claims it first learned about AviaGames' alleged infringement in September 2020. *Id.* ¶¶ 70, 79. But Big Run's first publication of its *Blackout Bingo* game was on October 5, 2019, and Big Run's copyright registrations for *Blackout Bingo* all issued on June 8, 2021 (roughly a week before it sued AviaGames). *See* McHale Decl. ¶ 2–3, Ex. 1 at 5 (TX 8-971-644).[3] In other words, AviaGames' alleged infringement of copyright commenced well before the effective date of Big Run's registrations. *Id.* Ex. 1. Thus, the Copyright Act bars Big Run's claim for statutory damages and attorneys' fees because Big Run's registrations issued over three months after the first publication of the works and after the alleged infringement began. *See* 17 U.S.C. § 412.

Big Run cannot circumvent this bar to its statutory damages claim by registering a later version of the same *Blackout Bingo* game after the alleged infringement of that game began—even if the registration occurred within three months of that later version. McHale Ex. 1 at 6 (TX 8-971-746). When Big Run first accused AviaGames of infringing *Blackout Bingo* in September 2020, Big Run had already published all four other registered versions of *Blackout Bingo*: version 1.0.0 and a few minor updated versions of the game, versions 1.0.2, 1.0.7, and 1.0.9. *See* McHale

---

[3] In considering this motion, the Court may take judicial notice of the printouts of United States Copyright Office Records of Big Run's and Skillz' copyright registrations attached as Exhibits 1–2 to the McHale Declaration. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); Fed. R. Evid. 201. AviaGames has ordered and is awaiting receipt of certified copies of the registrations, which it will furnish to the Court. McHale Decl. ¶ 6. Plaintiffs' copyright registrations are subject to judicial notice because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d. at at 999 (quoting Fed. R. Evid. 201(b)(1)–(2)). The Court can also consider Plaintiffs' registrations because Plaintiffs reference and rely on them in the Complaint. Compl. ¶¶ 41, 58.

¶ 3, Ex 1 at 1–4. The fifth registration Big Run asserts, while it issued within three months of publication, is also a minor update to the game: version 1.0.28. *See* McHale Ex. 1 at 6 (TX 8-971-746). The Complaint does not (and cannot) allege that AviaGames separately infringes version 1.0.28 of *Blackout Bingo*, which did not publish until May 12, 2021—long after AviaGames' supposed infringement of *Blackout Bingo* began. *Id.*; *see* Compl. ¶ 80. Rather, Big Run alleges that AviaGames made cosmetic modifications to *Bingo Clash* in response to the infringement allegations; yet, those changes were made before version 1.0.28 of *Blackout Bingo* was published. *See* Compl. ¶ 80; McHale Ex. 1 at 6. Further, Big Run never identifies any allegedly infringing elements of *Bingo Clash* that are found solely in version 1.0.28 of *Blackout Bingo*, as opposed to the earlier versions. Nor can it. Thus, any infringement of that 2021 version of *Blackout Bingo* is merely a continuation of the alleged pre-registration infringement, precluding Big Run's statutory damages and attorneys' fees claims. *See Derek Andrew, Inc.*, 528 F.3d at 701; *Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16CV724-LTS, 2016 U.S. Dist. LEXIS 101119, at *8 (S.D.N.Y. Aug. 2, 2016) (dismissing statutory damages because, like here, "when the same defendant infringes on the same protected work in the same manner as it did prior to the work's registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements"); *see New Name, Inc. v. The Walt Disney Co.*, No. 07 Civ. 5034, 2008 U.S. Dist. LEXIS 107203, at *10–14 (C.D. Cal. July 23, 2008) (granting summary judgment dismissing claim for statutory damages and attorneys' fees where second infringing t-shirt bearing same design with additional emblem, developed post-registration, was a continuation of a pre-registration t-shirt). The Complaint is devoid of any allegation that AviaGames infringed any new material in the 2021 update to *Blackout Bingo*—and even if it did contain such an allegation, the law above makes clear that this is not a separate infringement for purposes of Section 412. This makes sense. Otherwise, every copyright holder could circumvent the copyright act to claim statutory damages by updating and registering a work after the alleged infringement began.

### B. Skillz' Claims for Statutory Damages or Attorneys' Fees Should Also Be Dismissed With Prejudice

Skillz' claims for statutory damages and attorneys' fees fail for the same reasons. Skillz

alleges that AviaGames' infringement of the Skillz platform began by August 2019. *See* Compl. ¶ 79. But each of Skillz' copyright registrations issued over a year later, between January and April 2021. McHale Decl. ¶ 4–5, Ex. 2.

Like Big Run, Skillz cannot save its damages claims with two registrations that issued in 2021 merely because those registration issued within three months of publication. When Skillz first accused AviaGames of infringing the Skillz platform in September 2019 and reasserted its allegations in 2020, it had already published the Skillz FAQ, its testimonial advertisements, and various versions of the Skillz SDK, including Skillz SDK iOS Platinum 1.2 version 26.0.20. *See* McHale Decl. ¶ 4–5, Ex. 1 at 15 (TX 8-940-855, showing publication of Skillz SDK iOS Platinum 1.2 version 26.0.20 on October 1, 2020). The two registrations Skillz asserts that issued within three months of publication both concern minor updates to the already registered SDK iOS Platinum: specifically, versions 26.0.25 and 26.2.9. McHale Exs. 1 at 1, 6 (TX 8-928-328, TX 8-935-436). Crucially, Skillz does not allege that AviaGames infringes any version of its SDK, let alone SDK iOS Platinum versions 26.0.25 and 26.2.9. Nor does it identify any infringing elements of *Pocket7Games* that are found solely in those late 2020 and 2021 SDK versions, as opposed to the many earlier versions. Thus, any infringement relating to these late 2020 and 2021 registrations for the minor updates to the SDK iOS Platinum is a continuation of AviaGames' alleged pre-registration infringement of the Skillz platform.

Because Big Run and Skillz assert claims of infringement that commenced before any of their copyright registrations issued, they cannot recover statutory damages or attorneys' fees as a matter of law. The Court should dismiss those damages claims with prejudice.

**IV.   THE COURT SHOULD SEVER PLAINTIFFS' MISJOINED CLAIMS**

Plaintiffs' claims are misjoined under Fed. R. Civ. P. 20 and 21 because they are distinct, unrelated claims arising from unique facts brought by separate companies. The Court should sever second-plaintiff Skillz' claims from this case.

Rule 20 permits plaintiffs to join their claims only if (1) "they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20.

"If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); Fed. R. Civ. P. 21. The Court can "generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs." *Coughlin*, 130 F.3d at 1350. Courts will sever claims merely brought "under the same general law"—for instance, the Copyright Act—if the claims are based on different transactions and occurrences. *See id.* at 1351. And even if both requirements for joinder are met, "a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Visendi v. Bank of Am.*, 733 F.3d 863, 870 (9th Cir. 2013) (internal quotation omitted).

Big Run and Skillz meet neither requirement for joinder of their claims, and their claims should be severed to avoid undue prejudice to AviaGames.

### A. Plaintiffs' Claims Do Not Arise Out of the Same Transactions or Occurrences

Big Run's and Skillz' claims are separate in every respect, arising out of different transactions and occurrences, despite the attempt to tie them together in a single Complaint. To meet the first requirement for permissive joinder, there must be "factual similarity in the allegations supporting Plaintiffs' claims." *Id.* at 870. There is no factual similarity here.

First, Plaintiffs claim infringement of distinct copyrighted works. Skillz claims infringement of its "platform," Compl. ¶¶ 75–78, while Big Run claims infringement of its game, *Blackout Bingo*. *Id.* ¶¶ 70–74. Big Run and Skillz have separate copyright registrations for their claimed separate works. *Compare id.* ¶ 58 (Big Run's works), *with* ¶¶ 41–42 (Skillz' works). The Complaint does not allege any overlap in ownership or other connection between them.

Second, Big Run and Skillz allege that AviaGames infringes their separate works with separate AviaGames offerings. Skillz accuses AviaGames' "Infringing Platform," *Pocket7Games*. *Id.* ¶¶ 75–78. Big Run's accuses AviaGames' "Infringing Game," *Bingo Clash*. *Id.* ¶¶ 70–74. Here, "joinder is not appropriate where different products or processes are involved." *See Corley v. Google*, 316 F.R.D. 277, 283 (N.D. Cal. 2016) (quotation omitted).

Third, Big Run and Skillz allege separate periods of infringement. Skillz first alleged infringement in September 2019, while Big Run alleges it claim arose a year later, in September 2020. Compl. ¶¶ 79. 80. And while Plaintiffs now share counsel of record here, most of their interactions with AviaGames relating to their respective claims happened through separate counsel. *Compare* McHale Decl. Ex. 3–8 *with* Ex. 9. As shown below, their claims simply share no facts to support joinder.

| Transaction or Occurrence | Big Run's Claim | Skillz' Claim |
|---|---|---|
| **Copyrighted Work** | *Blackout Bingo* | Skillz platform (SDK), FAQ, ads |
| **Allegedly Infringing Work** | *Bingo Clash* | *Pocket7Games* |
| **First Awareness of Alleged Infringement** | September 2020, Compl. ¶ 80 | July 2019, Compl. ¶ 80 |
| **Copyright Registrations** | The Big Run Works, Compl. ¶ 58 | The Skillz Works, Compl. ¶¶ 41, 42 |
| **Copyright Registration Dates** | June 2021 | January–April 2021 |
| **Complaint to Apple App Store** | October 2020 | October 2019 |
| **Original Counsel** | Nolan Heiman LLP | Law Office of Derek Eletich |

The only ostensible connection between Big Run's and Skillz' claims is the availability of Big Run's game through the Skillz platform, among multiple other distribution channels. Compl. ¶¶ 26, 52, 56–57. This is not enough. Rather, "[f]actual disparities of the magnitude alleged are too great to support permissive joinder." *Visendi*, 733 F.3d at 870 (affirming severance of plaintiffs' claims involving distinct loan transactions with different lenders secured by separate properties across the country); *Calm Ventures LLC v. Newsom*, No. CV 20-11501-JFW(PVCx), 2021 U.S. Dist. LEXIS 31587, at *3 (C.D. Cal. Feb. 18, 2021) ("[T]he single transaction or occurrence requirement is not met where plaintiffs would have to prove their claims or defendants would have to litigate their defenses on an individualized basis." (internal quotation omitted)). The Complaint thus fails to meet the first joinder requirement.

**B. Plaintiffs' Claims Do Not Share any Questions of Law or Fact**

Plaintiffs' claims also fail to meet the second joinder requirement because they lack any common questions of fact or law that would make their joinder proper. It is not enough that Plaintiffs both assert copyright claims, as "the mere fact that [their] claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin*, 130 F.3d at 1351. Plaintiffs' claims share nothing more, warranting severance. *Visendi*, 733 F.3d at 870 ("Plaintiffs merely allege that Defendants violated the same laws in comparable ways. Rule 20(a) requires more.").

For instance, Big Run's claim involves questions of fact and law relating to AviaGames' alleged infringement of *Blackout Bingo* with *Bingo Clash*. Fact questions will include, for example, AviaGames' development of *Bingo Clash* and comparison of *Bingo Clash* to *Blackout Bingo*. Legal questions will include: the validity and ownership of Big Run's copyrights in the Big Run Works; whether AviaGames had access to the Big Run Works; whether *Bingo Clash* is substantially similar to *Blackout Bingo*; Big Run's damages claims relating to the alleged infringement of *Blackout Bingo*; and AviaGames' defenses to Big Run's infringement claim.

In contrast, Skillz' claim will involve *none* of the above questions of law or fact. Instead, Skillz' claim will involve fact questions around its development of the Skillz platform, its contacts with AviaGames, AviaGames' development of *Pocket7Games*, and a comparison of the Skillz platform to *Pocket7Games*. The central legal questions for its claim will include: the validity and ownership of Skillz' copyrights in the Skillz Works; AviaGames' alleged access of the Skillz Works; whether *Pocket7Games* is substantially similar to the Skillz platform; Skillz' damages claims; and AviaGames' defenses to Skillz' infringement claim.

Big Run's and Skillz' claims are thus unique and will "each require particularized factual analysis." *Visendi*, 733 F.3d at 870; *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1128 (C.D. Cal. 2016) (severing claims of plaintiffs employed by same defendant that required "entirely different" facts to prove their claims); *Coughlin*, 130 F.3d at 1351 ("even if Plaintiffs' cases were not severed, the Court would still have to give each claim individualized attention" and concluding that plaintiffs' claims did not involve common questions of law or fact).

Keeping the cases together will unnecessarily complicate the Court's ability to adjudicate the Plaintiffs' separate claims. With respect to discovery, Big Run's claim about AviaGames' *Bingo Clash* has no relation to the development of AviaGames' *Pocket7Games* platform, let alone financial or other sensitive business information about that platform. In the same vein, Skillz' claim regarding AviaGames' "Infringing Platform," *Pocket7Games*, has nothing to do with, and should not involve discovery into, the development and performance of its "Infringing Game," *Bingo Clash*. Yet, Plaintiffs' joint Complaint puts AviaGames at risk of these distinct discovery categories being conflated and intermingled in the course of the litigation without the opportunity to give each Plaintiff's claim the required individual attention and defense. *See Blackman v. Teespring, Inc.*, No. 19-cv-01494-RS, 2019 U.S. Dist. LEXIS 116478, at *6 (N.D. Cal. July 11, 2019) (severing claims and reasoning that joinder of unrelated copyright claims combines "individual claims, each with its particular facts, issues and . . . law, much better handled in separate cases where each can receive individual attention" (internal quotation omitted)). Similarly, Big Run and Skillz will likely utilize separate witnesses and evidence to pursue their respective claims, with no crossover, given that they assert separate works and allege separate infringements. AviaGames too will likely provide different witnesses and evidence to defend against Plaintiffs' separate claims. Commingling Big Run's and Skillz' claims thus will not promote fairness and efficiency, but instead invite chaos.

Ultimately, "[n]othing unites . . . these Plaintiffs but the superficial similarity of their allegations and their common choice of counsel." *Visendi*, 733 F.3d at 870. The Complaint thus fails to meet the second joinder requirement, and the Court should sever Plaintiffs' claims.

### C. Severance of Plaintiffs' Claims is Fundamentally Fair and Will Avoid Prejudice to AviaGames

Severing Plaintiffs' misjoined claims is not only required under Rule 20(a) and 21, but is also fundamentally fair; it will not prejudice any substantial right of Plaintiffs and is necessary to avoid prejudice to AviaGames. *Coughlin*, 130 F.3d at 1350. First, this case is at its earliest stage, and severance will not prejudice Big Run or Skillz, who are both free to pursue their claims separately. *Id.*; *Grijalva v. Mason*, No. 8:18-cv-02010-JLS-DFM, 2019 U.S. Dist. LEXIS

229070, at *7 (C.D. Cal. Dec. 30, 2019) (severing plaintiffs and noting that prejudice would not result from severance in early stage of case). Indeed, Skillz has already separately sued AviaGames for patent infringement in this district, confirming its ability to pursue its claims on its own without issue. *See* Case No. 5:21-cv-02436-BLF. Moreover, just as Skillz failed to establish that its patent suit was related to this case, *see id.* Dkt. 39, it cannot establish that its copyright claim here has any meaningful ties to Big Run's claim. The Court should reject this additional attempt by Skillz to gain unfair advantage by combining cases that do not belong together.

Equally important, severance will guard against the undue prejudice to AviaGames that would result if it must defend against Plaintiffs' separate claims in the same action. Allowing Big Run and Skillz to pursue their claims together will impose undue burden on AviaGames by forcing it to defend against distinct claims, involving separate discovery and potential motion practice, all on the same case schedule.

Finally, AviaGames also faces significant risk of jury bias or confusion if Big Run and Skills are allowed to try their claims together. A joint trial would allow Plaintiffs to conflate their claims to unfairly play on jurors' sympathies in ways that separate trials would prevent. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280 (9th Cir. 2000) ("even the strongest jury instructions [can] not . . . dull[] the impact of a parade of witnesses" (internal quotation omitted)). Further, the jury would have to keep track of the facts of both of Plaintiffs' unrelated claims, creating unnecessary burden on the jury, risk of prejudice to AviaGames, and unnecessary inefficiencies in administration of the case.

In sum, Plaintiffs' claims do not meet either requirement for permissive joinder, and fairness requires their severance.

## V.  CONCLUSION

For all these reasons, AviaGames respectfully requests that the Court dismiss Big Run's and Skillz' claims for statutory damages and attorneys' fees under the Copyright Act with prejudice and sever their misjoined claims, dismissing Skillz' copyright claim without prejudice.

| | |
|---|---|
| Dated: August 12, 2021 | Respectfully submitted, |
| | */s/ Jennifer Kelly* |
| | Jennifer Kelly |
| | Attorneys for Defendant AviaGames Inc. |