JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Defendant
AviaGames Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BIG RUN STUDIOS INC. and SKILLZ PLATFORM INC., <br><br> Plaintiffs, <br><br> v. <br><br> AVIAGAMES INC., <br><br> Defendant. | Case No: 5:21-cv-04656-EJD <br><br> **DEFENDANT AVIAGAMES INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND SEVER PLAINTIFFS' CLAIMS** <br><br> Date:  January 20, 2022 <br> Time:  9:00 a.m. <br> Courtroom:  4, 5th Floor <br><br> Complaint Filed:  June 16, 2021 |

# TABLE OF CONTENTS

Page

I. PLAINTIFFS ARE NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEYS' FEES AS A MATTER OF LAW ............................................................. 1

    A. The Complaint Does Not Allege Infringement of Any New Material in the Late Registrations ........................................................................................................ 1

    B. Plaintiffs' Attempts to Escape Their Basic Pleading Obligations Fail ................. 5

II. PLAINTIFFS' CLAIMS ARE DISTINCT AND SHOULD BE SEVERED ................... 8

    A. Separate Transactions and Occurrences Underlie Plaintiffs' Distinct Claims ..................................................................................................................... 8

    B. Plaintiffs' Claims Share No Common Questions of Fact or Law ....................... 10

    C. There is Risk of Severe Prejudice From Plaintiffs' Improper Joinder................ 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 7

*Corley v. Google*,
    316 F.R.D. 277 (N.D. Cal. 2016) ............................................................................ 10

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) ................................................................................ 11

*Crytek GMBH v. Cloud Imperium Games Corp.*,
    No. CV 17-8937-DMG (FFMx), 2018 U.S. Dist. LEXIS 192623 (C.D. Cal. Aug.
    14, 2018) ................................................................................................................ 5, 6

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
    528 F.3d 696 (9th Cir. 2008) .................................................................................... 4

*EZ-Tixz, Inc. v. Hit-Tix, Inc.*,
    919 F. Supp. 728 (S.D.N.Y. 1996) ......................................................................... 4, 7

*Grijalva v. Mason*,
    No. 8:18-cv-02010-JLS-DFM, 2019 U.S. Dist. LEXIS 229070, at *7 (C.D. Cal.
    Dec. 30, 2019) ......................................................................................................... 13

*Irwin v. ZDF Enters. GmbH*,
    No. 04 Civ. 8027 (RWS), 2006 U.S. Dist. LEXIS 6156 (S.D.N.Y. Feb. 16, 2006) ......... 4

*Kwan v. Schlein*,
    246 F.R.D. 447 (S.D.N.Y. 2007) ............................................................................... 6

*Marshall v. Babbs*,
    No. 2:18-cv-03822-DDP (AFMx), 2018 U.S. Dist. LEXIS 216944 (C.D. Cal.
    Dec. 26, 2018) ........................................................................................................... 2

*Mason v. Montgomery Data, Inc.*,
    741 F. Supp. 1282 (S.D. Tex. 1990). ........................................................................ 3

*Mason v. Montgomery Data, Inc.*,
    967 F.2d 135 (5th Cir. 1992) ................................................................................... 3

*McGucken v. Chive Media Grp., Ltd. Liab. Co.*,
    No. CV 18-01612-RSWL-KS, 2018 U.S. Dist. LEXIS 191513 (C.D. Cal. Nov. 8,
    2018) ....................................................................................................................... 4, 7

*Miss Glob. Org. LLC v. Mak*,
    No. SA CV 17-2223-DOC (KESx), 2018 U.S. Dist. LEXIS 225146 (C.D. Cal.
    Oct. 1, 2018) ........................................................................................................... 4, 7

*Niantic, Inc. v. Glob.++*,
    No. 19-cv-03425-JST, 2020 U.S. Dist. LEXIS 250756 (N.D. Cal. Sep. 2, 2020)) ...... 5, 6

*Paramount Pictures v. Omniverse One World Tele., Inc.*,
    No. CV 19-1156-DMG (PJWx), 2019 U.S. Dist. LEXIS 238774 (C.D. Cal. Aug.
    21, 2019) .................................................................................................................. 10

*Robinson v, Geithner*,
    No. 1:05-cv-01258-LJO-SKO, 2011 U.S. Dist. LEXIS 2054 (E.D. Cal. Jan. 7,
    2011) ...................................................................................................................... 12

*Rubloff, Inc. v. Donahue*,
    No. 93 C 457, 1993 U.S. Dist. LEXIS 7579 (N.D. Ill. June 2, 1993) .............................. 6

*Skillz Platform Inc. v. AviaGames, Inc.*,
    No. 21-cv-02436-BLF (N.D. Cal. Jul. 3, 2021) (Patent Case) ........................................ 12

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
    No. 16CV724-LTS, 2016 U.S. Dist. LEXIS 101119 (S.D.N.Y. Aug. 2, 2016) ........... 3, 4

*Visendi v. Bank of Am.*,
    733 F.3d 863 (9th Cir. 2013) ........................................................................................ 10

*Wright v. Buzzfeed*,
    No. 2:18-cv-02187-CAS (AFMx), 2018 U.S. Dist. LEXIS 93641 (C.D. Cal. June
    4, 2018) .................................................................................................................... 6

**STATUTES**

17 U.S.C. § 412 ................................................................................................................... 1

**RULES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 5

Fed. R. Civ. P. 20 (a) ........................................................................................................... 9

Fed. R. Civ. P. 8(a) .............................................................................................................. 5

Plaintiffs' claims for statutory damages and attorneys' fees fail, and their separate and distinct copyright claims are improperly joined.

## I. PLAINTIFFS ARE NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEYS' FEES AS A MATTER OF LAW

Plaintiffs go to great lengths to make this issue appear too complicated for decision at the pleading stage. It is not. Indeed, this issue is quite simple and ripe for determination now, which will enable the parties to litigate this case with a clear picture of what is at stake.

As AviaGames' Motion explains, section 412 of the Copyright Act and Ninth Circuit law bar claims for statutory damages and attorneys' fees that are premised on copyright registrations that were obtained (1) after the infringement commenced; and (2) more than three months after the work covered by the registration was first published.[1] Plaintiffs do not and cannot dispute that AviaGames' alleged infringement began in at latest 2019 (Skillz Works) and 2020 (*Blackout Bingo*), long before any of their 16 asserted registrations issued in 2021. Dkt. 1 (Compl.) ¶¶ 41, 58, 79–80; *see* Dkt. 30-1 (McHale Decl.) ¶¶ 2–5, Exs. 1–2. These allegations preclude recovery of statutory damages for all but one Big Run work and two Skillz works registered this year, but within three months of publication ("Late Registrations"). McHale Decl. ¶¶ 2–5, Exs. 1–2.

That leaves just the Late Registrations. In an attempt to convince the Court that they can still pursue statutory remedies based on infringement of materials covered by the Late Registrations, Plaintiffs make two core arguments: (1) that statutory damages and fees are available based on new or changed infringing activity that commenced *after* the publication of the new material covered by the Late Registrations; and (2) that Plaintiffs need not identify this new infringing activity to survive dismissal. Both fail.

### A. The Complaint Does Not Allege Infringement of Any New Material in the Late Registrations

The parties agree that Ninth Circuit precedent bars statutory damages for "continued

---

[1] Section 412's grace period provision permits statutory remedies where infringement began before registration if the registration "is made within three months after the first publication of the work." 17 U.S.C. § 412(2). But, as described below, this exception is irrelevant and unavailable here.

unchanged" post-registration infringement, Opp. at 11 (emphasis omitted). But this is all that Plaintiffs have alleged: that AviaGames engaged in continued, unchanged infringement before and after any registrations issued. *Id.* at 10–11. They do not, and cannot, allege any changed, new, or different infringement by AviaGames after the Late Registrations issued. This dooms their statutory remedies claims.

In opposition, Plaintiffs argue that the following scenario would enable them to escape this bright line rule:

> an infringer copies an unregistered work, the plaintiff then registers a subsequent version of the work with **new** elements (*i.e.*, a derivative work), and the infringer then subsequently copies those **new** elements in later acts of infringement.

*Id.* at 12. But Plaintiffs plead no allegations to suggest that this is the scenario here. Quite the contrary, Plaintiffs allege that (1) Skillz learned of the alleged infringement in July 2019 and sent AviaGames a cease-and-desist letter in September 2019; (2) Big Run learned about the alleged infringement and sent AviaGames a cease-and-desist letter in September 2020; and (3) AviaGames' infringement "*continues*." Compl. ¶¶ 79–80 (emphasis added). The Complaint does not allege that anything has changed at any time since the alleged infringement began, let alone after the Late Registrations issued. Nor are there allegations of copying any new elements of *Blackout Bingo* or the Skillz SDK that are covered solely by the Late Registrations. The Complaint instead centers on alleged infringement of visual elements of *Blackout Bingo* and the Skillz platform and SDK that began before and continued after the Late Registrations; nothing more.

Unsurprisingly, Plaintiffs cite no cases awarding statutory damages in these circumstances. In *Marshall v. Babbs*, for example, the court held that there was no support for plaintiff's statutory damages claim because the defendant's infringement of plaintiff's song began before the song registration issued. No. 2:18-cv-03822-DDP (AFMx), 2018 U.S. Dist. LEXIS 216944, at *6 (C.D. Cal. Dec. 26, 2018). The court declined to consider whether an Instagram video using part of that song was a new post-registration infringement because "these facts were not pled and are not the basis of [p]laintiff's claim for relief in the complaint." *Id.*, at *7. Again—

1  here, as in *Marshall*, the Complaint is devoid of any allegation that AviaGames infringed any
2  new material covered solely by the Late Registrations.

3        The *Mason v. Montgomery Data, Inc.* case also undermines Plaintiffs' position. 741 F.
4  Supp. 1282, 1285 (S.D. Tex. 1990). In that case, defendants' alleged infringement consisted of
5  reorganization of plaintiffs' copyrighted maps into an indexing system that defendants updated
6  repeatedly both before and after plaintiff registered copyrights in the maps. *Id.* The Texas district
7  court held that plaintiffs were not entitled to statutory damages for continued infringement by
8  defendants. *Id.* at 1287. The court rejected plaintiffs' argument for statutory damages as "not
9  acceptable, because [d]efendants are accused of committing the same activity each time, for the
10 same purpose, and using the same copyrighted material." *Id.* at 1286. The court also observed
11 that "there is no incentive to register early if the owner may obtain statutory damages for acts of
12 infringement continuing after belated registration." *Id.* at 1286–1287. This principle applies
13 equally here. Plaintiffs cannot circumvent section 412's bright-line rule by registering and
14 asserting the Late Registrations without any allegations of new infringement. *See id.*; *see also*
15 *Mason v. Montgomery Data, Inc.*, 967 F.2d 135 (5th Cir. 1992) (upholding dismissal of plaintiffs'
16 statutory damages claim for all 232 maps registered after infringement started).

17       But even if the Complaint *did* allege that AviaGames has infringed new elements covered
18 solely by the Late Registrations, their claims for statutory damages and attorneys' fees would still
19 be barred. The law is clear that where, as here, infringement is a continuation of pre-registration
20 infringement, such remedies are unavailable. For example, in *Solid Oak Sketches, LLC v. 2K*
21 *Games, Inc.*, the plaintiff alleged that the creator of the *NBA 2K* basketball video game series
22 infringed its copyrights in certain tattoos displayed on players in the game. No. 16CV724-LTS,
23 2016 U.S. Dist. LEXIS 101119, at *1 (S.D.N.Y. Aug. 2, 2016). Plaintiff's claim centered on
24 display of the infringing tattoos in *NBA 2K16* (the "2016 Game"). *Id.* But defendants' use of the
25 tattoo designs began with the earlier release of *NBA 2K14* (the "2014 Game") which was
26 published before any copyrights in the tattoo designs issued. *Id.* The court rejected plaintiff's
27 argument that the 2016 Game was "a work that is separate from the game's previous iterations,"
28 barring a statutory damages claim based on that new work. *Id.* *8–*9. The court reasoned that

"the pre- and post-registration versions of the 2K series are the same basketball simulation video game; the only material differences are updates to the title and visual and graphical improvements." *Id.* at *9. The court therefore dismissed plaintiff's statutory damages and attorneys' fees claim. *See id.* The same outcome should follow here, since Plaintiffs have not alleged and cannot allege that any alleged infringement that occurred after publication of the works covered by the Late Registrations is of a different nature or manner than the alleged infringement that commenced before 2021.

Other courts have reached similar results, even when plaintiffs have claimed that a defendant's post-registration infringement was somehow new or different. In *Irwin v. ZDF Enters. GmbH*, plaintiff created a musical composition that defendants used in two television programs: one before registration issued, and a second "newly configured version" with a new title after registration. No. 04 Civ. 8027 (RWS), 2006 U.S. Dist. LEXIS 6156, at *6 (S.D.N.Y. Feb. 16, 2006). The court found that the newly configured program was not a separate infringement, but a continuation of a "series of ongoing discrete infringements." *Id.* at 19 (internal quotation omitted); *see also EZ-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (granting motion to dismiss statutory damages claim based on post-registration sales of tickets that allegedly infringed computer program because alleged infringement was a continuation of pre-registration infringement); *Miss Glob. Org. LLC v. Mak*, No. SA CV 17-2223-DOC (KESx), 2018 U.S. Dist. LEXIS 225146 (C.D. Cal. Oct. 1, 2018) (granting motion to dismiss statutory damages claim by plaintiff claiming new post-registration infringement); *McGucken v. Chive Media Grp., Ltd. Liab. Co.*, No. CV 18-01612-RSWL-KS, 2018 U.S. Dist. LEXIS 191513 (C.D. Cal. Nov. 8, 2018) (same). Thus, even if Plaintiffs had alleged that AviaGames has infringed new elements of *Blackout Bingo* or the Skillz SDK covered by the Late Registrations, the law is clear that this would simply be considered a continuation of pre-registration activity, rendering statutory damages and attorneys' fees unavailable. And of course, this outcome makes perfect sense, since permitting statutory damages and fees in these circumstances would defeat section 412's purpose of "provid[ing] copyright owners with an incentive to register their copyrights promptly." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700 (9th Cir. 2008).

B.  **Plaintiffs' Attempts to Escape Their Basic Pleading Obligations Fail**

Plaintiffs next argue that, in any event, the Court cannot decide this issue now because whether AviaGames infringed new material covered by the Late Registrations is a fact question. This is wrong.

*First*, Plaintiffs' statutory damages and fees claims cannot survive dismissal without being supported by allegations of new or changed post-registration activity by AviaGames. By identifying this basic requirement, AviaGames is not advocating for a "heightened pleading standard." Opp. at 14. Instead, AviaGames points out only that if Plaintiffs seek statutory damages for the Late Registrations, they must plead facts to support that claim, as required by Rules 8(a) and 12(b)(6). They do not.

The cases Plaintiff cite do not change this conclusion. Plaintiff relies on cases that state the pleading standard for the elements of copyright claims generally. *See id.* Those cases do not address the minimum allegations that must be asserted to support a claim for statutory damages and attorneys' fees based on new post-registration infringement. Plaintiffs even concede that their only allegation of infringement of the Late Registrations is their being lumped into the definition of the Skillz Platform works. *Id.* at 15. This is not enough. Plaintiffs must plead *some* facts to state a claim for statutory damages and attorneys' fees based on the Late Registrations. Their failure to do so requires dismissal of their claims.

*Second*, there are no fact questions warranting discovery or precluding dismissal of Plaintiffs' statutory claims based on the face of the Complaint. Plaintiffs rely on two primary cases to argue that the parties should engage in discovery before dismissal of their remedies claims. But those cases involve claims where the nature and scope of infringement rested on source code or other content potentially in the possession of the defendant, rather than on visual materials visible in a publicly accessible app, like here. Opp. at 13 (citing *Crytek GMBH v. Cloud Imperium Games Corp.*, No. CV 17-8937-DMG (FFMx), 2018 U.S. Dist. LEXIS 192623 (C.D. Cal. Aug. 14, 2018) and *Niantic, Inc. v. Glob.++,* No. 19-cv-03425-JST, 2020 U.S. Dist. LEXIS 250756 (N.D. Cal. Sep. 2, 2020)). In *Crytek*, plaintiff alleged a copyright infringement claim arising from defendants' use of its video game development platform and computer program

beyond the scope and in violation of the parties' license agreement for use of that program. 2018 U.S. Dist. LEXIS 192623, at *2. And in *Niantic*, plaintiff alleged infringement of its mobile games by defendant hackers who created "cheat" programs for the game that incorporated "substantial portions" of plaintiff's copyrighted code. 2020 U.S. Dist. LEXIS 250756, at *3. In both cases, the plaintiffs' claims centered on whether and how much of the plaintiffs' code (including different versions of it) the defendants had accessed and used. *See id.* at *15 (hackers "target[ed] multiple versions of Niantic's code, at least some of which occurred post-registration"); *see Crytek*, 2018 U.S. Dist. LEXIS 192623 (alleging infringement based on incorporation of plaintiff's software code in multiple games). Thus, in both cases, discovery would have answered fact questions about the nature and scope of infringement—what portions of plaintiffs' code were infringed in which products at what times.[2]

There are no such fact questions here. Plaintiffs do not allege that AviaGames has infringed their respective works by using Plaintiffs' code in *Blackout Bingo* or *Pocket7Games*. Instead, Plaintiffs' claims center on alleged infringement of visual elements that are readily assessable through review of AviaGames' publicly available apps. *See Wright v. Buzzfeed*, No. 2:18-cv-02187-CAS (AFMx), 2018 U.S. Dist. LEXIS 93641, at *8 (C.D. Cal. June 4, 2018) (dismissing statutory damages claim and reasoning that knowledge about infringement was not "'particularly within [defendant's] possession and control'" because the alleged infringement occurred "on a single, publicly accessible website"). Thus, the claimed need for discovery is not

---

[2] Plaintiffs' citation to *Kwan v. Schlein*, 246 F.R.D. 447 (S.D.N.Y. 2007) and *Rubloff, Inc. v. Donahue*, No. 93 C 457, 1993 U.S. Dist. LEXIS 7579 (N.D. Ill. June 2, 1993) are similarly unavailing. Opp. at 13–14. In *Rubloff*, the court denied a motion to dismiss a statutory damages claim mainly because there were threshold fact questions about when plaintiff's copyrighted book was published. 1993 U.S. Dist. LEXIS 7579, at *4. And in both cases, there were fact questions about whether and to what extent separate books were new or different infringements, including new or revised editions. Here, the Complaint alleges infringement by a single AviaGames game of elements of Plaintiffs' works that existed long before the Late Registrations issued.

only an admission that the factual allegations are lacking, but a red herring.[3]

Other courts in this Circuit grant motions to dismiss statutory damages claims where, as here, the plaintiffs do not plead any legally significant difference between the alleged pre- and post-registration infringement. In *Miss Glob. Org. LLC v. Mak*, for example, the court granted a motion to dismiss with prejudice a counterclaim for statutory damages and attorneys' fees. 2018 U.S. Dist. LEXIS 225146. There, the counterclaimant conceded that defendant had "used the design and continue[d] . . . to use the design in the same way by using it on his own website and on marketing materials." *Id.*, at *22. The court held there was "no legally significant difference between pre-registration and post-registration infringement." *Id.* In *McGucken v. Chive Media Grp., Ltd. Liab. Co.*, the court rejected plaintiff's argument that there "may be discoverable independent facts of infringement not expressly alleged" in the complaint because post-registration infringement concerned the same photograph previously published on the same website. 2018 U.S. Dist. LEXIS 191513, at *6. The court then specifically held it was "not premature to decide whether recovery of statutory damages and attorneys' fees is precluded at the motion to dismiss phase." *Id.* at *6–*7 *see also Ez-Tixz*, 919 F. Supp. At 736 ("Factual issues do not preclude a determination that the plaintiff is ineligible for statutory damages and attorney's fees"). As in these cases, here, AviaGames' alleged pre- and post-registration infringement concerns the same pre-registration visual elements of Plaintiffs' works, warranting dismissal based on the face of the Complaint. Because Plaintiffs do not and cannot allege AviaGames' infringement of "new" elements, granting them leave to amend would be futile.

For these reasons, the Court can and should dismiss with prejudice Plaintiffs' claims for statutory damages.

---

[3] Plaintiffs' argument is also contrary to well-established pleading standards, which require that they state a plausible claim *before* discovery. Plaintiffs have not done that here. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557–559 (2007).

## II. PLAINTIFFS' CLAIMS ARE DISTINCT AND SHOULD BE SEVERED

Plaintiffs argue that joinder of their claims is appropriate because Big Run's game is available on the Skillz platform. This tenuous connection does not satisfy both requirements for permissive joinder.

### A. Separate Transactions and Occurrences Underlie Plaintiffs' Distinct Claims

Big Run's and Skillz' claims do not arise out of the same transactions or occurrences, and the suggestion that the claims meaningfully overlap is a fiction. Plaintiffs' primary argument for joinder is that *Blackout Bingo* "integrates the Skillz Platform user interface." Opp. at 16. But this fact is irrelevant to the joinder analysis because it does not bear on either Big Run's or Skillz' separate copyright infringement claims. The integration of *Blackout Bingo* might be relevant from a *player* perspective, since it affects the player experience of the game. So, if a player were to sue Big Run and Skillz for breach of contract, the integration might render that claim's underlying facts—the playing of *Blackout Bingo*—the same transaction or occurrence. But the integration of *Blackout Bingo* with Skillz has no relevance here, where Plaintiffs assert different copyrights allegedly infringed by AviaGames' discrete actions. For example, the Complaint does not allege infringement of any elements of *Blackout Bingo* that derive from the Skillz platform. *See generally* Compl. On the contrary, the screenshots of *Blackout Bingo* in the Complaint, together with the allegations describing them, never mention the Skillz platform or any of its visual elements. *See id.* ¶¶ 56–60, 70–71. The Complaint alleges that *Bingo Clash* copies:

> (a) the visual presentation of the game, including but not limited to the design, color palette, layout, and orientation of the Bingo board itself, as well as the design, color palette, and arrangement of in-game elements such as banners, text, symbols, and graphics, (b) the unique structure of the game, including but not limited to its creative selection of points, bonuses, power-ups, and boosts, (c) the visual representation, animation, and layout of points and bonuses, including but not limited to the specific way in which points and bonuses are tallied, and where and how those tallies appear on the screen, (d) the use of creative audio and animation, including the sounds, animations, and graphics that are generated by specific in-game events (*e.g.*, the way in which "PERFECT DAUB" appears on the screen after a player quickly daubs the correct number, or the way in which "TRIPLE BINGO" appears when three Bingos are claimed at once, and the way in which the game automatically stops and imposes a full-screen overlay when a player activates a power-up or boost), (e) the way in which tapping on a previously "called" ball displays a grid showing all of the balls that have been "called" thus far during that

particular game (and the near-identical visual representation of that grid), and (f) the specific way in which elements of time are used, animated, and tracked throughout the game.

*Id.* ¶ 71. There is no allegation—in this paragraph or elsewhere—that any of these elements of *Blackout Bingo* derive from the Skillz SDK or the game's availability on the Skillz platform.

Indeed, if *Blackout Bingo*'s integration of the Skillz platform were so critical to the case and the overlap in Plaintiffs' claims so extensive, it makes no sense that Big Run and Skillz did not allege that their respective works are each infringed by *both* AviaGames offerings. The opposition describes how *Blackout Bingo* "runs on" the Skillz platform, explaining that *Blackout Bingo*'s screens are "designed and powered by the Skillz Platform." Opp. at 5 (emphasis omitted). But Skillz does not allege that *Bingo Clash* infringes the Skillz platform or SDK. Likewise, Big Run does not allege that *Blackout Bingo* is also infringed by *Pocket7Games*, which supposedly copies the Skillz platform and SDK that "power" Big Run's game. Big Run's and Skillz' claims are not so intertwined as they suggest. They arise from separate occurrences and transactions: different works, allegedly infringed by different AviaGames offerings, at different times.

Moreover, the ample evidence supporting severance is not merely "cherry-picked dissimilarities." *Id.* at 16. Rather, the dissimilarities—different time periods of alleged infringement, different allegedly infringed works, different allegedly infringing offerings of AviaGames, and different counsel employed to assert the claims—tell a clear story. Skillz started this dispute, claiming infringement of its platform and SDK by *Pocket7Games* in 2019 through its counsel at the time. McHale Decl. Ex. 3. Over a year later, Big Run first claimed infringement by AviaGames. *Id.* Ex. 9. At that time, and through a different lawyer, Big Run alleged infringement of its separate game, *Blackout Bingo*, by AviaGames' separate app, *Bingo Clash*. *Id.* Big Run's allegations never mentioned Skillz. *See id.* In fact, before their filing of the Complaint jointly, there was never any indication of a connection between Big Run's and Skillz' claims. They cannot manufacture one now.

Big Run's and Skillz' attempts to distinguish the cases AviaGames cited in its motion fail. The opposition belabors the number of plaintiffs in those cases to downplay their application here.

1  *E.g.* Opp. at 16–17 (discussing, *Visendi v. Bank of Am.*, 733 F.3d 863, 870 (9th Cir. 2013) and *Corley v. Google*, 316 F.R.D. 277, 283 (N.D. Cal. 2016)).  But Rule 20 makes no allowance for Plaintiffs to join their claims here, arising from different transactions and occurrences, simply because there are only two of them.  *See* Fed. R. Civ. P. 20 (a)(1).  Plaintiffs' emphasis on party numbers thus misses the point and does change the fact of their misjoinder here.

Further, Big Run's and Skillz' citation to *Paramount Pictures v. Omniverse One World Tele., Inc.*, No. CV 19-1156-DMG (PJWx), 2019 U.S. Dist. LEXIS 238774, at *9 (C.D. Cal. Aug. 21, 2019) as an example of joined claims "with far less factual similarity than those here" is misleading.  Opp. at 17.  There, even though eight separate plaintiffs alleged infringement of separate copyrighted movies and TV shows, defendants accomplished this alleged infringement through a single mechanism: streaming the copyrighted content through downstream services.  *Paramount*, 2019 U.S. Dist. LEXIS 238774, at *8–*9.  Defendants also obtained the copyrighted works from a common source.  *Id.*  The *Paramount* defendants' unitary software and hardware streaming services thus took from the same source to accomplish one result: streaming plaintiffs' movies and TV shows.  *Id.*  In contrast, here, Plaintiffs' claims focus on separate offerings—a gaming platform and a single game—that allegedly infringe separate works in distinct ways.  *Paramount* thus does not support Plaintiffs' joinder.

Plaintiffs have failed to meet the first part of the two-part permissive joinder test, which alone warrants severance of their claims.

### B.  Plaintiffs' Claims Share No Common Questions of Fact or Law

In their opposition, Plaintiffs suggest only two potential common questions of fact or law, and both are wrong.  First, Plaintiffs argue without support that "factual and legal questions about AviaGames' accessing and copying *Blackout Bingo* will implicate its accessing and copying the Skillz Platform."  Opp. at 18.  There is no basis for this conclusion and the facts alleged contradict it.  Skillz alleges some "access" by AviaGames in 2016 and copying of its asserted works in 2019 with *Pocket7Games*.  *See* Compl. ¶¶ 7, 79.  In contrast, Big Run alleges that AviaGames first infringed *Blackout* Bingo in September 2020 with *Bingo Clash*.  *Id.* ¶ 80.  Any conclusory claim of overlap in fact and legal question is belied by Plaintiffs' own allegations.  Those allegations

claim separate access of separate products at separate times to create separate allegedly infringing works. Big Run's and Skillz' claims thus involve separate inquiries, with nothing in common.

Second, Plaintiffs is equally incorrect that "common questions surrounding AviaGames' intent will be unavoidable." Opp. at 18. This is another baseless conclusion. As noted, the Complaint alleges two different claims of infringement of two different products at separate times. AviaGames' intent when it developed *Bingo Clash* has no bearing on or relation to its intent when it developed *Pocket7Games*. Plaintiffs hope to conflate these separate issues and prejudice AviaGames, which is a reason to prevent, not permit, joinder. To the extent it is even relevant, AviaGames' intent in the creation of its two products are separate inquiries for Big Run's and Skillz' individual claims.

### C. There is Risk of Severe Prejudice From Plaintiffs' Improper Joinder

AviaGames has sufficiently shown the severe prejudice it will suffer if Plaintiffs' claims are not severed. Plaintiffs misleadingly argue that AviaGames gets the standard "backwards" in showing both the lack of prejudice Plaintiffs will suffer from severance and the prejudice to AviaGames if the claims remain misjoined. Opp. at 19. But the Ninth Circuit gives district courts the discretion to consider both. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (a court can order severance "so long as no substantial right will be prejudiced by the severance"); *Visendi*, 733 F.3d at 870 (even when both permissive joinder requirements are met, "a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice *to either side*") (emphasis added) (internal quotation omitted). AviaGames has shown both: significant risk of prejudice from misjoinder and no prejudice to Plaintiffs from severance.

Plaintiffs' arguments that no prejudice exists rest largely on the fact that there are two Plaintiffs in the case. Opp. at 19–21. But this is irrelevant. Plaintiffs conclude without support that the Court can adequately adjudicate the joined claims and that joinder will actually "reduce" duplicative discovery and motion practice. *Id.* at 20. But there is no evidence that AviaGames will seek any overlapping discovery from Big Run and Skillz, particularly given that their claims involve separate claims of infringement of separate works at separate times by separate products.

1  These distinct claims will almost certainly concern, for example, different supporting documents
2  (*e.g.* development documents) and witnesses.  There is also no basis for Plaintiffs' conclusion
3  that "a case brought by Big Run would necessarily require extensive third-party discovery from
4  Skillz anyway and vice versa." *Id*.  Plaintiffs do not identify who would seek such third-party
5  discovery, what that discovery would entail, or how it would be relevant.  On the other hand,
6  severance is necessary to avoid the undue burden and prejudice that AviaGames will incur, for
7  example, by fighting unnecessary disclosure of information to Big Run or Skillz that is relevant
8  to only one of their respective claims.  This will invite discovery disputes that can be avoided if
9  Plaintiffs pursue their claims in separate cases.

10  While Plaintiffs seek to downplay it, Judge Freeman has already rejected similar
11  arguments by Skillz that joining unrelated cases would reduce burden.  Skillz argued that relating
12  its patent case against AviaGames to this case would avoid "unduly burdensome duplication of
13  labor and expenses." *See Skillz Platform Inc. v. AviaGames, Inc.*, No. 21-cv-02436-BLF (N.D.
14  Cal. Jul. 3, 2021) ("Patent Case"), Dkt. 34, at *2.  In response, AviaGames argued, as it does here,
15  that relating the cases "w[ould] require different discovery and evidence without overlap or
16  duplication." Patent Case Dkt. 38 at 3.  Judge Freeman rejected Skillz' position, holding that the
17  Patent Case and this case do not pose "a danger of unduly burdensome duplication of labor and
18  expense or conflicting results if the cases are conducted before different Judges." Patent Case
19  Dkt. 39 (internal quotation and citation omitted).  Judge Freeman's reasoning supports severance
20  of Plaintiffs' copyright claims, which are equally unrelated and, once severed, pose none of the
21  dangers Plaintiffs suggest.

22  Finally, there is no reason to allow continued misjoinder of Plaintiffs' claims until later in
23  the case.  Plaintiffs suggest that jury instructions can guard against any potential confusion of
24  issues. Opp. at 20.  But the best way to avoid any prejudice to AviaGames is to sever Plaintiffs'
25  claims at this early stage.  *Grijalva v. Mason*, No. 8:18-cv-02010-JLS-DFM, 2019 U.S. Dist.
26  LEXIS 229070, at *7 (C.D. Cal. Dec. 30, 2019) (citing *Robinson v, Geithner*, No. 1:05-cv-01258-
27  LJO-SKO, 2011 U.S. Dist. LEXIS 2054, at *25 (E.D. Cal. Jan. 7, 2011) to note greater potential
28  prejudice from severance "when a case was approximately 'six years old, discovery [was] nearly

complete, and a significant amount of judicial resources ha[d] already been expended'"). Skillz has already shown its ability and willingness to sue AviaGames on its own for patent infringement involving its same platform and AviaGames' same competing product. Plaintiffs offer no basis for joining their copyright claims or any valid reason that they cannot pursue them separately.

Dated: September 23, 2021  Respectfully submitted,

                                                                         */s/Jennifer Kelly*
                                                                         Jennifer Kelly

                                                                         Attorneys for Defendant
                                                                         AviaGames Inc.