1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6                            SAN JOSE DIVISION

7

8      BIG RUN STUDIOS INC., et al.,            Case No.   5:21-cv-04656-EJD

9                         Plaintiffs,           **ORDER GRANTING MOTION TO**
                                                **DISMISS AND DENYING MOTION TO**
10              v.                              **SEVER**

11     AVIAGAMES INC.,
                                                Re: Dkt. No. 30
12                        Defendant.

13          Plaintiffs Big Run Studios Inc. ("Big Run") and Skillz Platform Inc. ("Skillz") assert

14   claims for copyright infringement against Defendant AviaGames Inc. ("AviaGames").  Defendant

15   moves to dismiss Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright

16   Act, and to sever Skillz's claims from this case.  *See* Motion to Dismiss and Sever Plaintiffs'

17   Claims ("Mot."), Dkt. No. 30.  Plaintiffs filed an opposition, and Defendant filed a reply.  *See*

18   Plaintiffs' Opposition to Defendant's Motion to Dismiss and Sever ("Opp."), Dkt. No. 38;

19   Defendant's Reply in Support of its Motion to Dismiss and Sever Plaintiffs' Claims ("Reply"),

20   Dkt. No. 41.  Having considered the Parties' papers,[1] the Court **GRANTS** Defendant's motion to

21   dismiss and **DENIES** Defendant's motion to sever.

22       **I.       BACKGROUND**

23          Skillz is an online gaming platform that was founded in October 2012.  Complaint

24   ("Compl.") ¶¶ 2, 23, Dkt. No. 1.  Skillz created the "Skillz Platform," a mobile eSports gaming

25   platform that "hosts" games developed by third-party, mobile game developers.  Compl. ¶¶ 23–39,

26

27   ─────────────────────
     [1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), the Court finds this motion suitable for consideration
     without oral argument.
28   Case No.: 5:21-cv-04656-EJD
     ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO SEVER
     1

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

55.  The platform monetizes user engagement through prizes and competitions, rather than in-game ads and purchases.  Compl. ¶¶ 23–39, 55.  Game developers run their games on the platform by integrating Skillz's Software Development Kit ("SDK") into their games.  By using Skillz's SDK, developers can integrate Skillz's eSports user interface and functionality into mobile games.  Compl. ¶¶ 26, 40, 62.  Skillz's SDK includes proprietary technology that ensures players in head-to-head competition are playing under identical, yet random, conditions.  Compl. ¶ 6.  Only games that incorporate Skillz software can be played on the Skillz Platform.  Compl. ¶ 6.  Skillz has eighteen copyright registrations for various versions of the Skillz Platform (*i.e.*, the Skillz's SDK source code) that were first published between 2013–2021.  Compl. ¶¶ 40–53.  Additionally, Skillz created and published two commercials to promote the Skillz Platform and its services, which are recorded and registered with the United States Copyright Office.  The titles and dates of these copyrights are as follows:

**SKILLZ REGISTRATIONS[2]**

| U.S. Registration No. | Title | Publication Date | Registration Date |
|---|---|---|---|
| TX 8-928-328 | Skillz SDK iOS Platinum Version 26.0.25 | October 22, 2020 | January 21, 2021 |
| TX 8-935-155 | Skillz SDK iOS Zinc Version 22.0.12 | May 30, 2019 | February 13, 2021 |
| TX 8-935-162 | Skillz SDK iOS Zinc Version 22.0.15 | July 5, 2019 | February 13, 2021 |
| TX 8-935-166 | Skillz SDK iOS Mercury Version 21.0.25 | March 12, 2019 | February 13, 2021 |
| TX 8-935-436 | Skillz SDK iOS Platinum Version 26.2.9 | January 26, 2021 | February 13, 2021 |
| TX 8-935-442 | Skillz SDK iOS Zinc Version 22.0.16 | July 26, 2019 | February 13, 2021 |

[2] The Court takes judicial notice of Skillz and Big Run's copyright registrations, which are attached as Exhibits 1–2 to the McHale Declaration.  *See* Dkt. No. 30-1; *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Warren v. Fox Fam. Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) ("Copyright certificates are the type of documents that the court may judicially notice under Rule 201(b)(2)).").

Case No.: 5:21-cv-04656-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO SEVER

2

| TX 8-936-360 | Skillz SDK iOS Zinc Version 22.0.18 | September 20, 2019 | February 21, 2021 |
| TX 8-936-365 | Skillz SDK iOS Titanium Version 23.0.12 | September 23, 2019 | February 21, 2021 |
| TX 8-936-372 | Skillz SDK iOS Titanium Version 23.2.1 | November 20, 2019 | February 21, 2021 |
| TX 8-936-685 | Skillz SDK iOS Titanium Version 23.2.2 | November 21, 2019 | February 22, 2021 |
| TX 8-936-917 | Skillz SDK iOS Titanium Version 23.2.0 | November 6, 2019 | February 22, 2021 |
| TX 8-940-428 | Skillz SDK iOS Version 1.0.0rc2 | November 26, 2013 | March 4, 2021 |
| TX 8-940-495 | Skillz SDK iOS Platinum Stable 1 Version 26.0.9 | August 31, 2020 | March 5, 2021 |
| TX 8-940-855 | Skillz SDK iOS Platinum 1.2 Version 26.0.20 | October 1, 2020 | March 5, 2021 |
| TX 8-940-882 | Skillz SDK iOS Platinum Version 26.0.6 | July 27, 2020 | March 4, 2021 |
| TX 8-941-331 | Skillz SDK iOS Oxygen Version 25.0.12 | April 3, 2020 | March 4, 2021 |
| TX 8-948-308 | Skillz FAQ | April 7, 2017 | March 30, 2021 |
| TX 8-953-926 | Skillz SDK iOS Goro Version 14.2.22 | May 9, 2016 | April 16, 2021 |
| PA 2-282-025 | Tara's Skillz Testimonial | April 19, 2018 | March 18, 2021 |
| PA 2-282-027 | Amanda–Real People Living Real Lives | July 25, 2019 | March 18, 2021 |

Big Run is one of Skillz's "mobile game development partners," and the creator of one of the Skillz Platform's most popular games, *Blackout Bingo*. Compl. ¶¶ 2, 56–57. *Blackout Bingo* was launched in 2019 and is a "head-to-head" competitive version of Bingo. Compl. ¶ 52. Its rules are like those of standard Bingo, except that players compete using the same Bingo card, and the same numbers are "called" in the same order, such that the players' skill is tested. The player

who scores the most points wins.  Compl. ¶¶ 52, 55–61.  *Blackout Bingo* is integrated into and powered by the Skillz Platform through Skillz's SDK.  *See* Compl. ¶ 52; *see also* Declaration of Buren Renick in Support of Plaintiffs' Opposition to Defendant AviaGames Inc.'s Motion to Dismiss and Sever ("Renick Decl.") ¶ 2, Dkt. No. 38-1.  Big Run has five copyright registrations for various versions of its *Blackout Bingo* game.  Compl. ¶¶ 58–59.  The titles and dates of these copyrights are as follows:

**BIG RUN REGISTRATIONS**

| U.S. Registration No. | Title | Publication Date | Registration Date |
|---|---|---|---|
| TX 8-970-737 | Blackout Bingo Version 1.0.7 | March 11, 2020 | June 8, 2021 |
| TX 8-970-901 | Blackout Bingo Version 1.0.9 | June 22, 2020 | June 8, 2021 |
| TX 8-970-904 | Blackout Bingo Version 1.0.2 | November 18, 2019 | June 8, 2021 |
| TX 8-971-644 | Blackout Bingo Version 1.0.0 | October 5, 2019 | June 8, 2021 |
| TX 8-971-746 | Blackout Bingo Version 1.0.28 | May 12, 2021 | June 8, 2021 |

In 2016, AviaGames began inquiring about the Skillz Platform.  Compl. ¶ 66.  AviaGames became a Skillz customer in 2016 and ultimately launched a game on the Skillz Platform.  Compl. ¶ 66.  This game, called *Number Drop*, was not popular with users.  Compl. ¶ 67.  However, Plaintiffs allege that it allowed AviaGames the opportunity to gain access to Skillz's specialized knowledge and expertise.  Compl. ¶ 66.  Thereafter, AviaGames began building (1) its own eSports platform that Plaintiffs allege infringe the original elements of Skillz's platform ("the Infringing Platform") and (2) multiple knockoff games, including one that replicated Big Run's *Blackout Bingo* ("the Infringing Game").  Compl. ¶¶ 68–77.  Specifically, in August 2020 AviaGames launched a game on its Infringing Platform called *Bingo Clash*.  Plaintiffs allege that *Bingo Clash* is nearly identical in its appearance and functionality to *Blackout Bingo*.  Compl. ¶ 70.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Skillz claims that it first learned of AviaGames' alleged infringement in July 2019.

2    Compl. ¶ 79.  On September 27, 2019, Skillz sent a cease-and-desist letter to Defendant

3    AviaGames regarding the Infringing Platform.  Compl. ¶ 79.  Skillz sent additional cease-and-

4    desist letters in 2019 and 2020, but Defendant has not altered its platform to address the substance

5    of Skillz's concerns.  Compl. ¶ 79.  As of the time the complaint was filed, AviaGames continues

6    to infringe the Skillz platform.  Compl. ¶ 79.

7    Big Run became aware of AviaGames's infringing game in September 2020.  Compl. ¶ 80.

8    On September 28, 2020, Big Run sent a cease-and-desist letter to Defendant AviaGames regarding

9    the Infringing Game, but Defendant has not altered its game to address the substance of Big Run's

10   concerns.  Compl. ¶ 80.  As of the time the complaint was filed, AviaGames continues to infringe

11   *Blackout Bingo*.  Compl. ¶ 80.

12   Because Defendant did not comply with Plaintiffs' respective cease-and-desist letters,

13   Plaintiffs filed this lawsuit.  Compl. ¶ 81.  Plaintiffs allege one count of copyright infringement

14   pursuant to 17 U.S.C. § 101 *et seq.* and seek equitable remedies, actual damages, statutory

15   damages, and attorneys' fees.  Compl. ¶¶ 82–89.

16   **II.    DISCUSSION**

17          **A.  Motion to Dismiss Plaintiffs' Claim for Statutory Damages and Attorneys'
                 Fees Under the Copyright Act**

18   Defendant argues that Plaintiffs cannot state a claim for statutory damages and attorneys'

19   fees under the Copyright Act because their copyright registrations in the relevant works were not

20   timely.  Mot. at 1.  In response, Plaintiffs argue that because three registered works—Reg. No. TX

21   8-928-328 (Skillz Platform Version 26.0.25), Reg. No. TX 8-935-436 (Skillz Platform Version

22   26.2.9), and Reg. No. TX 8-971-746 (*Blackout Bingo* Version 1.0.28)—were registered within

23   three months after their first publication, they may, at a minimum, seek statutory damages and

24   attorneys' fees for AviaGames's infringement of these three works.  Opp. at 11.  Plaintiffs contend

25   that these three works can support an independent claim of statutory damages and attorneys' fees

26   because they contain "new elements."  Opp. at 11–14.  Plaintiffs further argue that the Court

27

28   Case No.: 5:21-cv-04656-EJD
     ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO SEVER
                                          5

1  cannot resolve the factual questions presented in Defendants' motion to dismiss.  Namely,

2  questions regarding the scope of Plaintiffs' copyright registrations, the details of Defendant's acts

3  of copying, and the timing of Defendant's infringement.  *Id.* at 10–11.

4      To resolve the Parties' dispute, the Court must determine the scope of statutory damages

5  and attorneys' fees permitted by the Copyright Act and whether the three-identified copyright

6  works can support a claim for statutory damages and attorneys' fees.

7                          **1. Legal Standard**

8      To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

9  complaint must plead "sufficient factual matter to state a facially plausible claim to relief."

10  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) (citing

11  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Dismissal for failure to state a claim is "proper only

12  where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a

13  cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  That is, a

14  complaint can only survive a motion to dismiss for failure to state a claim "when the plaintiff

15  pleads factual content that allows the court to draw the reasonable inference that the defendant is

16  liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of

17  a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

18      Under 17 U.S.C. § 504(a) and (c), a copyright owner may elect to recover statutory

19  damages instead of actual damages and additional profits.  But as stated in 17 U.S.C. § 412(2), to

20  recover statutory damages or attorneys' fees, the copyrighted work must have been registered prior

21  to the commencement of the infringement, unless the registration is made within three months

22  after the first publication of the work.  *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696,

23  699 (9th Cir. 2008); *see also Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 n.5 (9th

24  Cir. 2004) ("Because Polar did not register its copyright before infringement, it can recover only

25  actual damages and profits under § 504(b), not statutory damages under § 504(c)).").

26

27

28  Case No.: 5:21-cv-04656-EJD
   ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO SEVER

United States District Court
Northern District of California

### 2. Analysis

Pursuant to the complaint, the initial acts of infringement (the Infringing Platform and the Infringing Game) occurred in or around July 2019 and September 2020. However, as depicted in the above tables, each copyright was registered in 2021, well after the commencement of the alleged infringement, and only three copyrights were registered within three months after their first publication. These three copyrights are Reg. No. TX 8-928-328 (Skillz Platform Version 26.0.25), Reg. No. TX 8-935-436 (Skillz Platform Version 26.2.9), and Reg. No. TX 8-971-746 (*Blackout Bingo* Version 1.0.28). While these three copyrights are later versions of earlier copyrights, Plaintiffs claim that they are entitled to statutory damages and attorneys' fees for the copyrights because the later versions include new elements that give rise to separate instances of infringement.

A panel of the Ninth Circuit Court of Appeals analyzed a similar issue in *Derek Andrew*. There, the copyright owner, Andrew, was awarded statutory damages after the defendant, Poof, infringed Andrew's copyrighted "hang-tag." *Derek Andrew*, 528 F.3d at 698–99. Andrew's hang-tag was first published on August 11, 2003, but the copyright was not registered until June 15, 2005. *Id.* at 699. The initial act of infringement occurred on May 9, 2005, well after the first publication date and before the effective date of registration. The panel determined that in making the decision to award statutory damages, the district court must have found that § 412 "does not preclude an award of statutory damages because the post-June 15, 2005, shipments were separate and distinct infringements from the pre-registration infringement." *Id.* That is, each time Poof used the hang-tag, Poof "commenced" an infringement within the meaning of § 412.

In deciding whether § 412 bars an award of statutory damages for post-registration infringements where the infringing act occurs before the effective copyright registration date, the panel analyzed the text of § 412 and the purposes behind the section. With respect to the text, the panel was "guided by other courts" that have concluded, while

> [e]ach separate act of infringement is, of course, an "infringement"
> within the meaning of the statute, and in a literal sense perhaps such
> an act might be said to have "commenced" (and ended) on the day of

1

2

> its perpetration[,] . . . it would be peculiar if not inaccurate to use the word "commenced" to describe a *single act*. That verb generally presupposes as a subject some kind of activity that begins at one time and continues or reoccurs thereafter.

3    *Id.* at 700 (alterations in original) (quoting *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535

4    (E.D.N.Y. 1988)); *see also Mason v. Montgomery Data, Inc.*, 741 F. Supp. 1282, 1286 (S.D. Tex.

5    1990) ("The plain language of the statute does not reveal that Congress intended to distinguish

6    between pre and post-registration infringements."). The panel thus determined that under the text

7    of § 412, infringement "commences" when the first act in a series of acts constituting infringement

8    occurs. *Id.* (quotation marks and citation omitted) (collecting cases).

9        The panel also recognized the two fundamental purposes behind § 412: "First, by denying

10   an award of statutory damages and attorney's fees where infringement takes place before

11   registration, Congress sought to provide copyright owners with an incentive to register their

12   copyrights promptly. Second, § 412 encourages potential infringers to check the Copyright

13   Office's database." *Id.* (internal citations omitted). Considering the text and the purposes of

14   § 412, the panel held that "*the first act of infringement* in a series of ongoing infringements of the

15   same kind marks the commencement of one continuing infringement under § 412." *Id.* at 701.

16       Applying that interpretation of § 412 to the facts of the case before it, the panel found no

17   legally significant difference between Poof's pre- and post-registration distributions of the

18   infringing hang-tags. *Id.* Rather, Poof's post-registration distributions were an ongoing

19   continuation of its initial infringement and the infringing activity thus commenced before the

20   effective date of registration. *Id.* ("The mere fact that the hang-tag was attached to new garments

21   made and distributed after June 15 does not transform those distributions into many separate and

22   distinct infringements."). Because the infringement commenced before registration, the panel held

23   that 17 U.S.C. § 412 prohibited Andrew from recovering statutory damages and attorneys' fees

24   under 17 U.S.C. §§ 504 and 505. *Id.* at 701–02.

25       It is clear from *Derek Andrew* that a plaintiff cannot be awarded statutory damages for

26   infringement that began prior to the registration of the work and continued after registration.

27   Plaintiffs argue that this rule does not bar their claim for statutory damages and attorneys' fees

28   Case No.: 5:21-cv-04656-EJD
     ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO SEVER

because the three copyrights are subsequent versions of their earlier works that contain *new* elements, which Defendant infringed. Opp. at 12. Problematically, the Complaint does not support this theory of infringement because it does not distinguish between the various copyrights. The Complaint centers on the alleged infringement of *Blackout Bingo* and the Skillz Platform generally; it fails to allege that Defendant infringed *new* elements in the three copyrights and thus the Court cannot find legally significant differences between Defendant's infringements and must conclude that the alleged infringements are a series of continued infringements. *See, e.g.*, Compl. ¶¶ 70–71 (arguing the "overall look and feel of the creative, protectable elements of *Blackout Bingo* are strikingly similar to those of the Infringing Game" and providing examples of the allegedly creative, protectable expressions in *Blackout Bingo*, but failing to allege violations of the three specific copyrights or even that the three specific copyrights contain new elements); *see also Mason v. Montgomery Data, Inc.*, 741 F. Supp. 1282, 1286 (S.D. Tex. 1990) ("Plaintiffs' arguments are not acceptable, because Defendants are accused of committing the same activity each time, for the same purpose, and using the same copyrighted material."). Because Plaintiffs have not pled that the three copyrights (1) contain new elements that (2) Defendant infringed, the Complaint does not support an award of statutory damages and attorneys' fees. A contrary determination would allow a plaintiff to evade both the text and purpose of § 412 by pointing to new "copyrights" that are mere continuations of prior, late-filed copyrights. This cannot be. *See Irwin v. ZDF Enters. GmbH*, 2006 WL 374960, at *6 (S.D.N.Y. Feb. 16, 2006) (newly configured version of infringing program was not a separate infringement, but "a continuation of a series of ongoing discrete infringements").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) do not change this conclusion. While it is true that a plaintiff need not allege a copyright claim with particularity, a plaintiff must at minimum pled facts to support a claim for damages. Without allegations that the three copyrights differ from the other twenty copyrights, Plaintiffs' claim for statutory damages and attorneys' fees fails as a matter of pleading. Further, this case does not require the resolution of fact questions. Rather, Plaintiffs focus on the alleged infringement of visual elements, which are readily

accessible through review of Defendant's mobile games.  *See Wright v. BuzzFeed, Inc.*, 2018 WL 2670642, at *3 (C.D. Cal. June 4, 2018).

The Court thus **GRANTS** Defendant's motion to dismiss Plaintiffs' claim for statutory damages and attorneys' fees.  When dismissing a complaint for failure to state a claim, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Although the Court has determined that Plaintiffs fail to state a claim for statutory damages and attorneys' fees, it is possible Plaintiffs can cure this claim by alleging, among other things, more particular facts as to the three, "timely" copyrights.

### B.  Motion to Sever

Defendant also moves to sever Plaintiffs' copyright claims into two separate lawsuits.  Mot. at 7–12.  "Permissive joinder is to be liberally construed to promote the expeditious determination of disputes, and to prevent multiple lawsuits."  *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).  Rule 20 provides that "[p]ersons may join in one action as plaintiffs if: . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and. . . . any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

The Court agrees with Plaintiffs that their infringement claims arise out of the same transaction or series of transactions.  Opp. at 16.  The Complaint alleges that (1) Defendant infringed Skillz's eSport gaming platform by building an infringing "copycat eSports [gaming] platform," (Compl. ¶ 7); (2) which Defendant used to "launch knockoff versions of Skillz's top games," (Compl. ¶ 7); (3) including, and most egregiously, *Blackout Bingo*, a game developed by Skillz's "development partner" Big Run (Compl. ¶¶ 2–4).  Further, the *Blackout Bingo* application integrates the Skillz Platform user interface, such that customers who play *Blackout Bingo*

United States District Court
Northern District of California

necessarily encounter *both* works that Defendant allegedly infringed.  This demonstrates that Plaintiffs' claims arise out of the same transaction or occurrence.  *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim."); *Paramount Pictures Corp. v. Omniverse One World Television, Inc.*, 2019 WL 12381115, at *2 (C.D. Cal. Aug. 21, 2019) ("Since Defendants allegedly used this business model to exploit [unrelated] Copyright Works belonging to each of the eight Plaintiffs, their claims arise out of the same series of transactions or occurrences."). Accordingly, the Court **DENIES** Defendant's motion to sever.

### III.     CONCLUSION

Defendant's motion to dismiss Plaintiffs' claim for statutory damages and attorneys' fees is **GRANTED**, but their motion to sever is **DENIED**.  Should Plaintiffs choose to file an amended complaint, they must do so by February 24, 2022.  Failure to do so, or failure to cure the deficiencies addressed in this Order, will result in dismissal of Plaintiff's claims with prejudice. Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: January 13, 2022

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California