JENNIFER KELLY (CSB No. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB No. 234895)
ryan@tyzlaw.com
ERIN JONES (CSB No. 252947)
ejones@tyzlaw.com
CIARA MCHALE (CSB No. 293308)
ciara@tyzlaw.com
SEAN APPLE (CSB No. 305692)
sapple@tyzlaw.com
CHIEH TUNG (CSB No. 318963)
chieh@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.868.6900

Attorneys for Defendant
AviaGames Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BIG RUN STUDIOS INC. and SKILLZ PLATFORM INC., <br><br> Plaintiffs, <br><br> v. <br><br> AVIAGAMES INC., <br><br> Defendant. | Case No: 5:21-cv-04656-EJD <br><br> **DEFENDANT AVIAGAMES INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> Date: November 10, 2022 <br> Time: 9:00 a.m. <br> Courtroom: 4, 5th Floor <br><br> Complaint Filed: June 16, 2021 <br> Judge: Hon. Edward J. Davila |

AviaGames Inc. ("AviaGames") opposes Plaintiffs' Motion for Leave to File a First Amended Complaint (the "Motion") to (1) substitute one asserted copyright registration with a different one, and to (2) add a conclusory allegation of irreparable harm with no supporting facts. Plaintiffs' proposed substitution should be denied because they have proffered inconsistent justifications for the substitution that contradict what the registrations show, and those irreconcilable positions suggest bad faith. Plaintiffs' proposed addition of a threadbare allegation regarding irreparable harm fails as futile under the applicable standards. The Court should thus deny Plaintiffs leave to amend the Complaint on these grounds.

## I.   PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint for copyright infringement on June 16, 2021. Dkt. 1 ("Compl."). In the Complaint, Plaintiff Skillz asserted eighteen copyright registrations for "screen displays and textual and visual expressions embodied in those displays" from the Skillz gaming platform, and two copyright registrations for two commercials published "to promote the Skillz Platform and its services." *Id.* ¶¶ 41-42. Likewise, Plaintiff Big Run asserted five copyright registrations for its Blackout Bingo game. *Id.* ¶ 58.

On August 12, 2021, AviaGames moved to sever Skillz's claims and to dismiss Plaintiffs' claims for statutory damages and attorney's fees because the asserted copyright registrations were not timely and could not support such claims. Dkt. 30. On January 13, 2022, the Court dismissed Plaintiffs' claims for statutory damages and attorney's fees. Dkt. 44. The Court stated that "[s]hould Plaintiffs choose to file an amended complaint, they must do so by February 24, 2022. Failure to do so, or failure to cure the deficiencies addressed in this Order, will result in dismissal of Plaintiff's claims with prejudice." *Id.* at 11. Plaintiffs did not file an amended complaint by the February 24, 2022 deadline. On February 25, 2022, the Court issued a scheduling order giving the parties until April 26, 2022 to join additional parties "or [make] other amendments to the pleadings" under Rule 15 of the Federal Rules of Civil Procedure. Dkt. 50.

On March 21, 2022, counsel for Plaintiffs circulated a draft amended complaint to counsel for AviaGames and sought its consent to these amendments: (1) substituting one of the

asserted Skillz platform copyrights (Reg. No. TX 8-953-926 (the "'926 Registration")) with a different one (Reg. No. TX 9-078-072 (the "'072 Registration"), issued February 11, 2022)); (2) removing Plaintiffs' request for statutory damages and attorney's fees; and (3) adding conclusory allegations that AviaGames' purported infringement causes irreparable harm to Plaintiffs, will continue to do so unless enjoined by the Court, and that Plaintiffs have no adequate remedy at law.  *See* Declaration of Chieh Tung ("Tung Decl.") ¶ 2, Ex. 1; *see also* Dkt. 52-3 ¶¶ 41, 88.  Plaintiffs' counsel did not provide copies of the registrations at issue or their deposit materials, or give a reason for changing the copyright registration, stating only that they sought to "modify" the registrations.  Tung Decl. Ex. 1.  Plaintiffs also stated that they added the conclusory allegation of irreparable harm in response to AviaGames' affirmative defense of no equitable relief.  *Id.*

During a March 23, 2022 telephonic meet and confer, counsel for AviaGames asked Plaintiffs' counsel why Skillz sought to replace the '926 Registration with the '072 Registration.  Tung Decl. ¶ 3.  Plaintiffs' counsel indicated that the '072 Registration corrected the '926 Registration.  *Id*.  But publicly available materials show no relation between these registrations; in fact, the '926 Registration has a different supplemental registration (No. TXu 2-302-002).  Tung Decl. ¶ 4, Exs. 2-3.[1]  After AviaGames raised this concern again on March 29, 2022, Plaintiffs' counsel provided to AviaGames' counsel copies of the '072 Registration and Supplementary Registration No. TXu 2-302-002 (but not their deposit materials).  With no further explanation or acknowledgment of the discrepancy between Plaintiffs' proffered reason for substitution and what the registrations showed, Plaintiffs again sought consent to the amendment.  *Id*. ¶¶ 5-6, Ex. 4.  On April 5, 2022, AviaGames declined to consent, noting Plaintiffs' lack of explanation for the change in registrations, and Plaintiffs' failure to add any

---

[1] The Court may judicially notice records from the Copyright Office, including copyright registrations.  *See DuckHole Inc. v. NBC Universal Media LLLC*, No. CV 12-10077 BRO (CWx), 2013 U.S. Dist. LEXIS 157305, at *9 (C.D. Cal. Sep. 6, 2013) ("it is common practice for courts to take judicial notice of copyright registrations").

1   facts to plausibly support their addition of a conclusory allegation of irreparable harm. *Id*. Ex.
2   4. On April 5, 2022, Plaintiffs admitted— again, without elaboration or explanation—that the
3   substitution of the '072 Registration has nothing to do with the '926 Registration, but they are
4   instead "for *different works*." *Id*.  (emphasis added).

5         On April 24, 2022, Plaintiffs filed their Motion, which seeks to: (1) replace the '926
6   Registration with the '072 Registration; (2) add two supplemental registrations to the Skillz
7   commercials; (3) remove the request for statutory damages and attorney's fees; and (4) add a
8   conclusory allegation of irreparable harm without supporting facts. *See* Dkt. 52-3.  As to
9   replacing the '926 Registration, Plaintiffs' motion states only that it is to "correct or clarify
10  certain asserted copyright registrations," and to "comport with correct registration numbers,"
11  but does not explain the basis for the "correction." Mot. at 5.

12        AviaGames does not object to Plaintiffs' removal of their request for statutory damages
13  and attorney's fees in ¶ 88, or adding two supplemental registrations to ¶ 42 of the Complaint.
14  AviaGames does object, however, to Plaintiffs' replacement of the '926 Registration with the
15  '072 Registration, and Plaintiffs' addition of a conclusory allegation of irreparable harm as
16  futile.

17      **II.**    **ARGUMENT**
18        A party seeking to file an amended complaint may do so "only with the opposing party's
19  written consent or the court's leave." Fed. R. Civ. P. 15(a).  Although leave to amend shall be
20  freely given "when justice so requires," the Court has discretion to deny leave to amend based on
21  factors such as (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of
22  amendment, and (5) previous amendments. *See Wash. State Republican Party v. Wash. State*
23  *Grange*, 676 F.3d 784, 797 (9th Cir. 2012).  Under these standards, Plaintiffs' motion for leave
24  to amend should be denied with respect to their proposed replacement of the '926 Registration
25  with the '072 Registration, and their addition of a conclusory allegation of irreparable harm.

26      **a.**  **Plaintiffs' Lack of Explanation and Inconsistent Positions on Substituting the '072 Registration Suggests Bad Faith**
27        A court may find bad faith when a party seeks a proposed amendment with an improper
28  or dilatory motive. *See Ortiz v. Vortex Cellular*, No. 2:19-cv-08184-MCS-AS, 2021 U.S. Dist.

LEXIS 32556, at *8 (C.D. Cal. Jan. 19, 2021).  Plaintiffs' inconsistent positions and lack of justification for the requested amendment suggests an improper motive, and the Court should deny amendment on this basis.

Plaintiffs' Motion is noticeably silent on the basis for its replacement of the '926 Registration, and includes no explanation as to why it now seeks to include a registration for an entirely "different work[]," or what the "different work[]" is.  *See* Mot. at 5 (stating only that Plaintiffs wish to "correct or clarify certain asserted copyright registrations"), Tung Decl. Ex. 4.  Nor did Plaintiffs provide any coherent explanation for this amendment during the parties' correspondence about it.  First, Plaintiffs' counsel indicated that the '072 Registration was to correct the '926 Registration, which AviaGames pointed out on two separate occasions was incorrect.  *Id.* ¶¶ 4-5.  The registration documents themselves show that the '072 Registration is unrelated to the '926 Registration.  *Id.* ¶ 4, Exs. 2-3.  Only when AviaGames noted this discrepancy in writing did Plaintiffs' counsel admit that the registrations are for "different works," but provided no other explanation other than it sought to "correct" the Complaint.  *Id.* Ex. 4.

Plaintiffs' reliance on *Postman v. Spin Master, Ltd.*, No. CV 14-5516-GW(EX), 2015 WL 12747905 (C.D. Cal. Nov. 30, 2015) to justify their amendment is misplaced.  In *Postman*, the defendants did not oppose certain amendments that merely added a registration number and supplemental registration numbers.  *Id.* at *3.  But where those defendants opposed proposed amendments that would add a new category of registration numbers to the complaint, the court allowed the amendment only after analyzing in detail and verifying the plaintiffs' claim that the new registrations contained the same subject matter and content that the parties had been litigating for months.  *Id.* at *4-5.  Here, in contrast, although Plaintiffs admit that they want to assert a "different work" in this case, they have provided no explanation to Defendant or the Court or any argument showing that the new work involves the same subject matter and content already under litigation.  The Court needs such information to gauge whether "justice requires" this amendment, and AviaGames has a right to understand the scope of the infringement claims made against them, which Plaintiffs have confused without reason.  *See People.ai, Inc. v. Clari*

*Inc.*, No. C 21-06314 WHA, 2022 U.S. Dist. LEXIS 14573, at *12 (N.D. Cal. Jan. 26, 2022) (denying leave to amend without specifically finding bad faith, but refusing to "endorse [plaintiff's] gamesmanship and shifting-sands approach"); *cf. DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (finding no bad faith when the plaintiffs "offered a satisfactory explanation" for the amendment). Understanding the purpose and scope of Plaintiffs' proposed amendment is especially difficult here because Plaintiffs have to date refused to respond to AviaGames' December 1, 2021 interrogatories, which asked Plaintiffs to identify each version of the purportedly infringed works, and to provide the legal and factual bases for their infringement allegations. Tung Decl. ¶ 7.[2] For these reasons, the Court should deny leave to substitute the '926 Registration with the '072 Registration.

### b. Plaintiffs' Conclusory Allegation of Irreparable Harm is Futile

The Court should deny Plaintiffs' request to add an allegation of irreparable harm because there are no facts in the Complaint that support such a claim, and as such, it is implausible and futile. "Futility of amendment can, by itself, justify the denial of a motion for

---

[2] Plaintiffs' proposed amendment to replace a copyright registration for a "different work" is distinguishable from their cited authorities. Since receiving Plaintiffs' December 1, 2021 discovery requests, Plaintiffs have produced no documents and have not responded to basic interrogatories about the asserted works. Tung Decl. ¶ 7. In contrast, the cited authorities involve parties moving to amend that were transparent about the purpose and need for the amendment to the pleadings, and related discovery was provided. *See* Mot. at 7 (citing *Hodges v. Dutton*, No. 5:18-cv-04658-EJD, 2022 U.S. Dist. LEXIS 21697 (N.D. Cal. Feb. 7, 2022) (granting leave to amend where the plaintiffs have articulated the reason for asserting new claims, where the parties have engaged in limited discovery, and the plaintiffs offered to be re-deposed); *Sid Avery & Assocs., Inc. v. Pixels.com, LLC*, No. CV 18-10232-CJC(SSX), 2019 WL 8806199 (C.D. Cal. June 24, 2019) (granting leave to amend where the plaintiff sought to remove copyright registrations for which it had no basis asserting, and add two asserted works it uncovered during discovery)).

leave to amend." *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (affirming district court's denial of motion to amend based on futility). An amendment is futile if the complaint would still fail to state a claim for relief under Rule 12(b)(6) standards if the amendment were allowed. *See Broidy Capital Mgmt., LLC v. Qatar*, 982 F.3d 582, 586 (9th Cir. 2020); *People.ai, Inc.*, 2022 U.S. Dist. LEXIS 14573, at *4-5 (on motion to amend, "[a]ll factual allegations rate as true, but legal conclusions merely couched as fact may be disregarded."). Plaintiffs' threadbare allegation of irreparable harm and injury is implausible and futile and cannot sustain a claim for injunctive relief.

      Contrary to Plaintiffs' statements in their motion, the proposed amendment does not "add supporting language" to assert an allegation of irreparable harm in support of injunctive relief. *See* Mot. at 6 n.1. Rather, Plaintiffs add only a bare recitation that "Defendant's conduct and acts have caused and continue to cause irreparable harm to Plaintiffs, and will continue to do so unless enjoined by the Court. Plaintiffs have no adequate remedy at law." *See* Dkt. 52-3 ¶ 88. This conclusory allegation is unsupported by the facts alleged, which focus exclusively on monetary damages and accounting. *See* Compl. ¶¶ 86, 87 (seeking "damages, gains, profits, and advantages" and alleging "monetary loss to its business, reputation, and goodwill); Prayer ¶¶ E (seeking "full and complete accounting"), F (seeking "award of damages"). Plaintiffs' single assertion that players of Bingo Clash have "mistakenly submitted their complaints to Skillz" does not establish, much less support an allegation of irreparable harm. *See* Mot. at 6 n.1 (citing Compl. ¶ 4). Likewise, Plaintiffs' allegations that AviaGames has made "only minor cosmetic modifications" to the accused works in response to cease and desist letters does not support a conclusory allegation of irreparable harm when the result of the purported infringement is only Plaintiffs' "fil[ing] this lawsuit" and seeking damages that are legally redressable. *See* Mot. at 6 n.1 (citing Compl. ¶¶ 79-81). Moreover, despite Plaintiffs' knowledge about AviaGames' purported infringement of the Skillz platform since September 2019, Compl. ¶ 79, Plaintiffs

waited nearly two years to file the instant action in June 2021,[3] rendering implausible any conclusion of irreparable harm. Plaintiffs' conclusory and factually unsupported assertion of irreparable harm is thus insufficient to state a claim for injunctive relief and should be denied as futile. *See Adams v. Haan*, No. SACV 20-913 JVS (DFMx), 2020 U.S. Dist. LEXIS 176002, at *9 (C.D. Cal. Sep. 3, 2020) ("[plaintiff's] conclusory statement about irreparable injury cannot survive a motion to dismiss").

Plaintiffs' authorities (*see* Mot. at 6 n.1) do not apply because neither involves a motion to amend with a threadbare allegation of irreparable harm. *See id.* (citing *Mahroom v. Best W. Int'l, Inc.*, No. C 07-2351 JF (HRL), 2009 U.S. Dist. LEXIS 11041, at *9-11 (N.D. Cal. Feb. 2, 2009) (denying the defendant's summary judgment motion as to the plaintiffs' request for injunctive relief after reviewing proffered evidence on irreparable harm to the plaintiffs' business) and *Broad. Music Inc. v. Anchor Ventures*, No. 2:15-cv-01003-SVW-AS, 2016 U.S. Dist. LEXIS 193822, at *14-15 (C.D. Cal. Nov. 17, 2016) (granting injunctive relief as part of an order granting default judgment)).

Because Plaintiffs' proposed amendment contains only a single conclusory allegation which fails under Rule 12(b)(6), the Court should deny it as implausible and futile. *See Broidy Capital Mgmt., LLC*, 982 F.3d at 586.

### III.  CONCLUSION

For these reasons, AviaGames respectfully requests that the Court deny Plaintiffs leave to amend as to the '072 Registration and the conclusory allegation of irreparable harm.

Dated: May 4, 2022                                                Respectfully submitted,

                                                                  */s/ Erin Jones*
                                                                  Erin Jones

                                                                  Attorneys for Defendant AviaGames Inc.

---

[3] Plaintiffs assert they first learned of AviaGames' purported infringement of Blackout Bingo in September 2020, nearly a year before it sued. Compl. ¶ 80.