UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG RUN STUDIOS INC. and SKILLZ PLATFORM INC., <br><br> Plaintiffs, <br><br> vs. <br><br> AVIAGAMES, INC., <br><br> Defendant. | Case No. 21-cv-04656-EJD <br><br> [~~PROPOSED~~] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

1. **PURPOSE**

This Stipulated Order (the "Order") will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, the Protective Order previously entered in this action (ECF 46), and any other applicable orders and rules. If a provision of this agreement conflicts with the terms of the Protective Order, the Protective Order will control absent further order of the court.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4.   PRESERVATION**

The parties agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that, pursuant to the Court's Order (ECF No. 62) that ESI to be preserved includes a designated custodian's ESI on any communication platform (e.g., email, instant messaging, text) that the custodian uses in carrying out the normal course and scope of his or her employment, regardless of whether the platform is used by the Party. Production from platforms not used by a Party will be addressed as needed.

**5.   SEARCH**

The parties have exchanged proposed search terms and custodians pursuant to the Court's Order (ECF No. 62). The parties agree to disclose any foreign-language translation of agreed search terms that the party will use to locate responsive foreign-language documents. After the parties have agreed on or otherwise resolved any disputes regarding search terms and custodians pursuant to the Court's Order (ECF No. 62), additional ESI search terms and custodians may be added only by a request to the Court supported by a showing of good cause.

To the extent any party objects that certain search terms will impose an undue burden or result in a number of documents disproportionate to the needs of the case, that party shall provide a search term hit report for all terms the requesting party proposed. To the extent feasible, the search term hit report must include information needed for the requesting party to ascertain how many unique additional documents the objected-to search term(s) yields as compared to the remaining search terms to which the objecting party does not object on the grounds of burden or proportionality. The objecting party will accommodate reasonable requests for an additional search term hit report or reports to assist the requesting party in modifying search terms to narrow the number of hits, if requested.

The parties agree to meet-and-confer in good faith regarding search terms and custodians. If the parties are unable to resolve any disagreements about the custodians, data

sources, and search terms to be used for each party's production, they shall submit any such dispute to the Court consistent with the Court's rules and standing orders.

Except with respect to documents the Court ordered to be produced by September 6, 2022 (*see* ECF No. 62), the parties shall substantially complete production of documents responsive to requests for production served to-date 43 days prior to the close of fact discovery.

Finally, for the avoidance of doubt, nothing in this Order permits a party to otherwise withhold from production a known responsive document (e.g., responsive to a discovery request, relevant to the issues in the case, or that may otherwise lead to discovery of relevant information) within the party's possession, custody, or control.

## 6. PRODUCTION FORMATS

The parties agree to produce for each document and electronic document, to the extent available:

- Except as otherwise provided, the documents will be produced in single-page color; JPEG images for documents containing content in color, and single-page Group IV TIFF images for black-and-white documents; with document-level text files containing extracted text or OCR, if extracted text is unavailable, and named according to Bates Begin number;

- For spreadsheets (.xls, .xlsx, .csv, etc.), the document should be produced in native format with a corresponding endorsed placeholder;

- For presentations (.ppt, .pptx, etc.), the document should be produced with any speaker notes, and to the extent such document contains animations, should be produced in native format with a corresponding endorsed placeholder;

- For documents that contain redlines, track changes, and/or comments, the document should be produced with the relevant redlines, track changes, and comments displayed;

- Load files (.DAT and .OPT) that include the following metadata: Bates Begin, Bates End, Bates BegAttach, Bates EndAttach, NativeLink (where appropriate), Extracted Text Link;

- Load files will also include, where available and applicable, the following metadata: Custodian, All Custodians, From, To, CC, BCC, Subject, Date Sent, Time Sent, File Extension, File Name, Author, Last Saved By, Date Created, Time Created, Date Last Modified, Time Last Modified, Message ID, MD5Hash, Redacted and Confidentiality Designation;

- Documents unable to be imaged will be produced in native file format with a Bates numbered placeholder indicating as such.

The parties will use reasonable efforts to scan documents at or near their original size, so that the print or image of the document appears straight and not skewed. Reducing image size may be necessary to display production numbers and confidentiality designations without obscuring any content of the document. The parties agree not to degrade the searchability of documents as part of the document production process.

If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. For example, if the JPEG or TIFF images of a document cannot be produced with sufficient clarity, then a party may request that such document be produced in native format instead. Further, the parties will meet and confer regarding the production specifications to be used in connection with the production of materials from instant messaging platforms to the extent such materials will be produced.

### 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to collect and produce responsive documents on a rolling basis, such that production of responsive documents ready for production is not delayed pending completion of the producing party's investigation and collection. The parties do not otherwise agree to phasing of discovery.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

a. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b. Communications involving trial counsel that post-date the filing of the Complaint need not be placed on a privilege log.

**9. MODIFICATION**

This Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: 8/30/22          /s/ Todd Anten
                        Counsel for Plaintiffs

Dated: 8/30/22          /s/ Chieh Tung
                        Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: August 31, 2022   [signature: Susan van Keulen]
                         UNITED STATES ~~DISTRICT/~~MAGISTRATE JUDGE

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Todd Anten, attest that concurrence in the filing of this [Proposed] Stipulated Order Re: Discovery of Electronically Stored Information has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2022

                                                   /s/ Todd Anten