UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG RUN STUDIOS INC., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>AVIAGAMES INC.,<br><br>　　　　　　Defendant. | Case No. 21-cv-04656-AMO  (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSIONS**<br><br>Re: Dkt. Nos. 129, 130 |

　　　Before the Court are the Parties' Joint Discovery Submissions regarding 1) production by each party of IM communications; (Dkt. 129, 130); and 2) a further response by Defendant AviaGames to Plaintiff Skillz' Interrogatory no. 14. Dkt. 129.  Neither of these disputes are new to the Court (Dkt. 62; 112; 113), and having reviewed the submission, the relevant law and the litigation history in this action, the Court determines that these matters may be resolved without oral argument.  Civ. L.R. 7-1(b).

**I.      Production of personal IM**

　　　Both sides seek production from the other of instant messages ("IM") and oppose producing IM themselves.  This tortured posturing led to the improper filing *two* submissions where one would have sufficed.  The Court does not appreciate this gamesmanship and end run around its page limits, and this behavior will not be repeated by the Parties going forward. Further, in this Order the Court does not entertain the numerous unnecessary complaints and finger pointing proffered by both sides, addressing only the most material issues.

　　　On the substantive issue of production of personal IM used for business communications, as pointed out in the submissions, the ESI Order anticipates production of personal IM and orders its preservation.  Dkt. 62 at 2.  Both sides have now demonstrated that their opponent's employees

used personal IM for business communication to some degree.[1] Dkt. 129 at 2; 130 at 3. Accordingly, the Court **ORDERS** as follows: personal IM will be searched and responsive documents will be produced. The Parties have an established list of custodians and search terms; those tools will be applied to the search and production: custodian's personal IM across all platforms used by the custodian will be searched and responsive documents will be produced. The Parties may stipulate to any mutually agreed upon modification to the scope of the search and production.

Plaintiffs argue, *inter alia*, that IM production will be unduly burdensome because their employees utilized a number of different platforms. However, the Court finds it unlikely that any single custodian used all of the various different platforms during the relevant time period and overrules this objection. Defendant complains that personal IMs will necessarily contain personal and private information.[2] The use of the already defined search terms will severely limit this threat. Further, any personal protected information ("PPI") that is inadvertently captured will be redacted as directed below.

To speed the process in light of impending depositions, the Court **ORDERS** the Parties to run the search terms and to produce the custodian's responsive IM **no later than June 16, 2023**, initially under AEO protection. Following production, as the IM is reviewed, any PPI or other non-relevant confidential information identified by either side is to be promptly brought to the attention of the other side, redacted and may not be used for any purpose. This process, along with the limited search terms in the first instance, appropriately balances the concerns regarding privacy and the needs of the litigation. The Court further **ORDERS** the Parties to meet and confer to re-designate the IM production from AEO to Confidential as warranted.

////

---

[1] The Parties hotly dispute whether their respective excerpted IMs demonstrate use for substantive business communications. These objections are overruled as the Court is satisfied that both sides have made a sufficient demonstration to warrant a search of IM as limited herein.

[2] AviaGames proposes additional restrictions beyond the agreed upon search terms: that the parties produce only those IMs that reference an opposing party or the development of the disputed works. This approach is rejected by the Court as it is both too narrow (in re the opposing party) and too subjective (in re "development"). Dkt. 129 at 6; 130 at 5.

2

## II. Interrogatory no. 14.

This Court previously discussed with the Parties the responsibility to make reasonable inquiries to relevant third parties. However, AviaGames "supplemental" response hardly qualifies as such; it can and will do better. According, the Court **ORDERS** as follows: **No later than June 9, 2023**, AviaGames must serve a verified supplemental response that identifies the "publicly available advertisements" reviewed in creating the accused commercials, the persons at Pluto with primary responsibility for creating the accused commercials and provide a more complete description of the steps taken to develop the accused commercials. If AviaGames is unable to obtain this information from Pluto, it will provide a declaration signed under penalty of perjury describing in detail who it contacted at Pluto, the questions posed to Pluto, and the specific responses received. If the declaration pursuant to this Order is made by counsel, it will in not constitute a waiver of attorney client communication or work product protection.

**SO ORDERED.**

Dated: May 26, 2023

SUSAN VAN KEULEN
United States Magistrate Judge