UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG RUN STUDIOS INC., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>AVIAGAMES INC.,<br><br>   Defendant. | Case No. 21-cv-04656-AMO (SVK)<br><br>**ORDER ON ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 177 |

  Before the Court is an administrative motion to file under seal materials associated with a discovery dispute in this case. Dkt. 177; *see also* Dkt. 182 (statement filed in support of administrative motion to seal).

  Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with a discovery-related motion, rather than a motion that concerns the merits of the case. The Court may reach different conclusions regarding sealing these documents under different standards or in a different context. Having considered the motion to seal, supporting declaration, and the pleadings on file, and good cause appearing, the Court **ORDERS** as follows:

1.  **Dkt. 177;** *see also* **Dkt. 182**

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Joint Statement Regarding AviaGames' Motion to Compel Further Discovery (Dkt. 176) | GRANTED as to redacted portion of line 3:3 | Narrowly tailored to protect confidential information about Big Run's internal practices and business strategy. |
| Joint Statement Regarding AviaGames' Motion to Compel Further Discovery (Dkt. 176) | DENIED as to redacted portions of lines 3:17, 3:19-20, and 3:22 | Skillz does not seek to seal this information. *See* Dkt. 182 ¶ 13. |

In accordance with this Order, Plaintiff is instructed to refile the Joint Statement Regarding AviaGames' Motion to Compel Further Discovery (Dkt. 176) with only the redactions at line 3:3 by **August 29, 2023**.

**SO ORDERED.**

Dated: August 22, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

2