1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11

| | |
|---|---|
| BIG RUN STUDIOS INC., et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>AVIAGAMES INC.,<br><br>          Defendant. | Case No.  21-cv-04656-AMO<br><br>**OMNIBUS SEALING ORDER**<br><br>Re: Dkt. Nos. 196, 208, 209, 213, 218 |

12
13
14
15
16
17
18

Before the Court are Plaintiffs' Administrative Motions to File Documents Under Seal (ECF 196, 208, 209, 218) and Defendant's Unopposed Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (ECF 213) (collectively "Administrative Motions").[1]  Statements in support of these administrative motions to seal were filed by the parties and non-party Playtika Santa Monica, LLC.  *See* ECF 207, 211, 216, 217, 218-1, and 226.

19
20
21

The Court, having carefully considered the submissions, the record, the applicable law, and any arguments related thereto, hereby orders that the Parties' Administrative Motions are **GRANTED** in part and **DENIED** in part.

22

**LEGAL STANDARD**

23
24
25
26

Pursuant to Civil Local Rule 79-5, the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civil L.R. 79-5(c)(1).  The request must be "narrowly tailored to seal only the

27
28

---

[1] The Court thanks the parties for their preparation and submission of a proposed Omnibus Sealing Order resolving the pending administrative motions.

United States District Court<br>Northern District of California

1    sealable material." *Id.* at 79-5(c)(3).

2        A party seeking to seal records must provide "compelling reasons" to overcome the

3    "strong presumption in favor of access." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172,

4    1178 (9th Cir. 2006); *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th

5    Cir. 2016). The standard derives from the "common law right 'to inspect and copy public records

6    and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605

7    F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome this strong

8    presumption, the party seeking to seal judicial records must "articulate compelling reasons

9    supported by specific factual findings . . . that outweigh the general history of access and the

10    public policies favoring disclosure, such as the public interest in understanding the judicial

11    process." *Kamakana*, 447 F.3d at 1178-79 (citations omitted). The party must make a

12    "particularized showing" that "specific prejudice or harm will result" if the information is

13    disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.

14    2002).

15        It is in the "sound discretion of the trial court" to determine what constitutes a "compelling

16    reason" for sealing a court document. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v.*

17    *Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Compelling reasons justifying sealing court

18    records generally exist when such "court files might . . . become a vehicle for improper purposes"

19    such as "releas[ing] trade secrets," *Kamakana*, 447 F.3d at 1179, or "as sources of business

20    information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at

21    1097; *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing trade secret

22    information about "the pricing terms, royalty rates, and guaranteed minimum payment terms" in

23    the parties' licensing agreement). Records attached to nondispositive motions must meet the

24    lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such

25    records "are often unrelated, or only tangentially related, to the underlying cause of action."

26    *Kamakana*, 447 F.3d at 1179-80 (quotations omitted).

27                     **DISCUSSION**

28        The Court finds, given the procedural posture of the case, that the lower "good cause"

United States District Court
Northern District of California

2

standard of Rule 26(c) applies to the materials for which the parties seek sealing because they are submitted in support of nondispositive motions.  Many of the materials and redactions for which these parties seek sealing constitute sources of business information that might harm the litigants' competitive standing and should remained sealed.  *See Kamakana*, 447 F.3d at 1179; *Ctr. for Auto Safety*, 809 F.3d at 1097.  The Court correspondingly notes "confidential business information" where appropriate to support sealing in the charts below.

    1.  **ECF 196;** *see also* **ECF 207.**

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| Plaintiffs' Notice of Motion and Motion to Modify Scheduling Order and Grant Leave to File Third Amended Complaint (**ECF 196-3**) | Sealing request withdrawn. | | **DENIED.** |
| Exhibit 1 to the Declaration of Chris Campbell in Support of Plaintiff's Motion to Modify Scheduling Order and Grant Leave to File Third Amended Complaint (**ECF 196-4**) | Sealing request withdrawn. | | **DENIED.** |
| Exhibit A to Plaintiffs' Notice of Motion And Motion to Modify Scheduling Order and Grant Leave to File Third Amended Complaint (**ECF 196-5**) | Sealing request withdrawn. | | **DENIED.** |

    2.  **ECF 208;** *see also* **ECF 211**

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| Plaintiffs' Big Run Studios Inc. and Skillz Platform Inc.'s L.R. 79-5(c)(1) Statement ("Statement") (**ECF 208-2) (highlighted portions other than ¶ 3)** | ECF 208-3 through ECF 208-19 comprise AviaGames' AEO documents, which are sensitive internal business communications that were not exhibits on the public record through the patent case.  ECF 208-2 quotes from the Lark messages and/or describes | None | **GRANTED.** Confidential business information. |

United States District Court
Northern District of California

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| | their contents. The motion to seal ¶ 3 was withdrawn, and therefore the proposed redactions thereto are moot. | | |
| Exhibit A to Statement, Bates numbered AVIA0211081, produced by AviaGames (**ECF 208-3**) | Request to seal withdrawn. | | **DENIED.** |
| Exhibit B to Statement, Bates numbered AVIA0210987, produced by AviaGames (**ECF 208-4**) (**entire document**) | ECF 208-3 through ECF 208-19 comprise AviaGames' AEO documents, which are sensitive internal business communications that were not exhibits on the public record through the patent case. | None | **GRANTED.** Confidential business information. |
| Exhibit C to Statement, Bates numbered AVIA0210989 produced by AviaGames (**ECF 208-5**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit D to Statement, Bates numbered AVIA0219930, produced by AviaGames (**ECF 208-6**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit E to Statement, Bates numbered AVIA0217223, produced by AviaGames (**ECF 208-7**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit F to Statement, Bates numbered AVIA0193434, produced by AviaGames (**ECF 208-8**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit G to Statement, Bates numbered AVIA0211000, produced by AviaGames (**ECF 208-9**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit H to Statement, Bates numbered AVIA0211063, produced by AviaGames (**ECF 208-10**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |

3.   **ECF 209;** *see also* **ECF 211**

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| Plaintiffs' Big Run Studios Inc. and Skillz Platform Inc.'s L.R. 79-5(c)(1) Statement ("Statement") **(ECF 209) (highlighted portions other than ¶ 3)** | ECF 209-2 through ECF 209-9 comprise AviaGames' AEO documents, which are sensitive internal business communications that were not exhibits on the public record through the patent case.  ECF 209 quotes from the Lark messages and/or describes their contents. The motion to seal ¶ 3 was withdrawn, and therefore the proposed redactions thereto are moot. | None | **GRANTED.** Confidential business information. |
| Exhibit A to Statement **(ECF 209-1)** | Request to seal withdrawn. | | **DENIED.** |
| Exhibit B to Statement **(ECF 209-2) (entire document)** | ECF 209-2 through ECF 209-9 comprise AviaGames' AEO documents, which are sensitive internal business communications that were not exhibits on the public record through the patent case. | None | **GRANTED.** Confidential business information. |
| Exhibit C to Statement **(ECF 209-3) (entire document)** | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit D to Statement **(ECF 209-4) (entire document)** | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit E to Statement **(ECF 209-5) (entire document)** | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit F to Statemen **(ECF 209-6) (entire document)** | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit G to Statement **(ECF 209-7) (entire document)** | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit H to Statement **(ECF 209-8) (entire document)** | Same as above. | None | **GRANTED.** Confidential business information. |

4.   **ECF 213;** *see also* **ECF 216 and ECF 217**

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| AviaGames' Opposition to Big Run and Skillz' Motion for Leave to File a Third Amended Complaint ("Opposition")  **(ECF 213-24) (highlighted portions)** | The highlighted portions of Avia's opposition to Plaintiffs' motion to amend are properly redacted.  The opposition contains highly confidential information from the documents discussed below, including detailed, non-public, and confidential information about Skillz and Big Run Studios's financial information and market research, their analysis of their services, and their analysis of competitors. Plaintiffs have demonstrated they would suffer competitive harm if this information were released publicly because competitors could use this information to harm Plaintiffs. *See* Dkts. 216 and 217. | None | **GRANTED.** Confidential business information. |
| Exhibit A to Opposition, Bates Numbered SKILLZ-0086001 **(ECF 213-3) (entire document)** | Exhibits A, B, C, D, E, and F contain Skillz's assessment and analysis of Avia, its competitor. Skillz has demonstrated that the public release of these document could harm Skillz's business relationships, such as its relationship with other companies discussed or with app store operators. *See Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023) (finding there was good cause to seal where "public disclosure of [the] information would result in competitive harm to [a party] and damage its business relationships."). Moreover, Skillz has demonstrated that public disclosure of this information could put Skillz at a competitive disadvantage with other competitors besides Avia, which could capitalize on this knowledge to | None | **GRANTED.** Confidential business information. |

United States District Court
Northern District of California

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| | supplement their own operations and decisionmaking. *See* ECF 217 at 1. | | |
| Exhibit B to Opposition, Bates Numbered SKILLZ-0085687 (**ECF 213-4**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit C to Opposition, Bates Numbered SKILLZ-0605335 (**ECF 213-5**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit D to Opposition, Bates Numbered SKILLZ-0605350 (**ECF 213-6**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit E to Opposition, Bates Numbered SKILLZ-0605567 (**ECF 213-7**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit F to Opposition, Bates Numbered SKILLZ-0605581 (**ECF 213-8**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit G to Opposition, Bates Numbered Skillz-0052840 (**ECF 213-9**) (**entire document**) | Exhibits G, H, I, J, K, M, and N are properly sealed because they include detailed, nonpublic, and confidential development discussions and notes related to the revision and improvement of Skillz's services. *See FTC v. Qualcomm Inc.*, 2019 WL 95922, at *2-3 (N.D. Cal. Jan. 3, 2019) (sealing documents that contained "detailed, non-public and confidential" information regarding "research and development activities"). Skillz has demonstrated it would suffer competitive harm if these internal documents were released publicly because the information contained in these exhibits could permit competitors to gain access to Skillz's operational information, projections and modeling, and strategic | None | **GRANTED.** Confidential business information. |

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| | positioning vis-à-vis its competitors. *See In re Incretin-Based Therapies Prod. Liab. Litig.*, 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (noting that "courts have maintained documents under seal" where those documents contained similar information). If Skillz's competitors have access to that information, they could exploit it to gain market advantage. *See* ECF 217 at 1-2. | | |
| Exhibit H to Opposition, Bates Numbered SKILLZ-0529352 (**ECF 213-10**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit I to Opposition, Bates Numbered SKILLZ-0284239 (**ECF 213-11**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit J to Opposition, Bates Numbered SKILLZ-0284236 (**ECF 213-12**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit K to Opposition, Bates Numbered SKILLZ-0501741 (**ECF 213-13**) (**entire document**) | Same as above. | None | **GRANTED.** Confidential business information. |
| Exhibit L to Opposition, Bates Numbered SKILLZ-0072603 (**ECF 213-14**) (**entire document**) | Exhibit L is properly sealed because it includes detailed, non-public, and confidential descriptions of Skillz's financial information and market research. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013) (district court abused its discretion in unsealing "financial information" and "market research"). Skillz has shown it would suffer competitive harm if these internal documents were released publicly, particularly because its competitors would gain access to, and could therefore capitalize on, Skillz's hard-earned research information. | None | **GRANTED.** Confidential business information. |

United States District Court
Northern District of California

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| | *See, e.g., Rodman v. Safeway Inc.,* 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (granting the defendant's "narrowly tailored" request to seal "internal, nonpublic information discussing Safeway's pricing strategy, business decision-making, customer research, and financial records, which would expose Safeway to competitive harm if disclosed") (applying more onerous "compelling reasons" standard for documents attached to dispositive briefing).  Skillz has also shown competitors could use the information about Skillz's pricing models and promotional strategy to exploit the information by offering better pricing and promotions to potential Skillz customers thus usurping Skillz's market share. *See* ECF 217 at 2. | | |
| Exhibit M to Opposition, Bates Numbered SKILLZ-0159867 (**ECF 213-15**) (**entire document**) | Same as exhibits A-G above. | None | **GRANTED.** Confidential business information. |
| Exhibit N to Opposition, Bates Numbered SKILLZ-0087584 (**ECF 213-16**) (**entire document**) | Same as exhibits A-G above. | None | **GRANTED.** Confidential business information. |
| Exhibit O to Opposition, Plaintiffs' Requests for Admission (**ECF 213-17**) | Request to seal withdrawn. | | **DENIED.** |
| Exhibit P to Opposition, Plaintiffs' Requests for Production (**ECF 213-18**) | Request to seal withdrawn. | | **DENIED.** |
| Exhibit Q to Opposition, Plaintiffs' Interrogatories (**ECF 213-19**) | Request to seal withdrawn. | | **DENIED.** |
| Exhibit S to Opposition, Bates Numbered, PLAYTIKA_21cv04656_00 0001 (**Dkts. 213-20 & 213-21**) (**entire document**) | Exhibit S comprises screenshots of internal records and development notes related to non-party Playtika Santa Monica, LLC ("Playtika"). Playtika has submitted a | None | **GRANTED.** Confidential business information. |

United States District Court
Northern District of California

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| | statement in support of keeping this confidential document sealed. Playtika has demonstrated compelling reasons for keeping its company's internal developmental information confidential. ECF 216 at 1-2. | | |
| Exhibit T to Opposition, Bates Numbered BIGRUN-0001133 (**ECF 213-22**) (**entire document**) | Exhibit T is properly sealed because it contains detailed, non-public, and confidential information about Big Run's trademarks.  Big Run has demonstrated it would suffer competitive harm if this document were released publicly because competitors could use this information to harm Big Run.  ECF 217 at 2. | None | **GRANTED.** Confidential business information. |
| Exhibit W to Opposition, Bates Numbered BIGRUN-0005812 (**213-23**) (**entire document**) | Exhibit W is properly sealed because it includes detailed, non-public, and confidential information about Big Run Studios's financial information and market research.  *See Apple Inc.*, 727 F.3d at 1228 (district court abused its discretion in unsealing "financial information" and "market research").  BigRun has shown it would suffer competitive harm if these documents were released publicly, particularly because its competitors would gain access to, and could therefore capitalize on, Big Run's hard-earned research information. *See, e.g., Rodman*, 2015 WL 13673842, at *2 (granting the defendant's "narrowly tailored" request to seal "internal, nonpublic information discussing Safeway's pricing strategy, business decision-making, customer research, and financial records, which would expose Safeway to competitive harm if disclosed") (applying more onerous "compelling reasons" standard for | None | **GRANTED.** Confidential business information. |

10

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| | documents attached to dispositive briefing). ECF 217-at 2-3. | | |

**5. ECF 218;** *see also* **ECF 218-1.**

| Document Sought to be Sealed | Evidence in Support of Sealing | Objections to Sealing | Court's Ruling |
|---|---|---|---|
| Plaintiffs' Reply In Support of Motion To Modify Scheduling Order And Grant Leave To File Third Amended Complaint **(ECF 218-3) (highlighted portions on Page 4, line 25 through Page 5 line 4, and Page 11, lines 13 through 19)** | Skillz has shown the highlighted portion on Page 4, line 25 through Page 5 line 4, and Page 11, lines 13-19 discuss detailed, non-public, and confidential development discussions and notes related to the revision and improvement of Skillz's services. Skillz would also suffer competitive harm if these internal documents were released publicly, particularly because its competitors would gain access to, and could therefore capitalize on, Skillz's hard-earned research information. *See Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023) (finding there was good cause to seal where "public disclosure of [the] information would result in competitive harm to [a party] and damage its business relationships"); *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *2-3 (N.D. Cal. Jan. 3, 2019) (sealing documents that contained "detailed, non-public and confidential" information regarding "research and development activities"). ECF 218-1 at 1-2.  No party submitted any statement in support of any other proposed redaction. The request to seal the remaining redactions are therefore withdrawn. | None | **GRANTED.** Confidential business information. |

In accordance with this order, Plaintiff is ordered to refile unredacted versions of ECF 196-3, 196-4, 196-5, and 208-3, and Defendant is ordered to refile unredacted versions of ECF 213-17, 213-18, and 213-19.  Plaintiff is further ordered to refile redacted versions of ECF 208-2, and 218-3 as modified by this order.  The parties are required to refile these documents by **April 12, 2024.**

Finally, the Court GRANTS Plaintiffs' unopposed Motion to Remove Incorrectly Filed Document.  ECF 210.  The Clerk shall seal ECF 209.

**IT IS SO ORDERED.**

Dated: March 28, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**